■ LIFSA KIRSCHENBAUM et al., Respondents, v WOLF SCHREIBER, Appellant. — Appeal by defendant, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Vaccaro, J.), dated June 11, 1982 as, upon granting his motion pursuant to CPLR 3012 (subd [b]), to dismiss the action for failure to serve a complaint, did so "unless a complaint is served upon defendant within 10 days after service of a copy of this order." Order reversed insofar as appealed from, on the law, with $50 costs and disbursements, and motion granted unconditionally. This action was commenced by the service of a summons upon defendant on or about July 7, 1980. Defendant demanded a complaint on October 20, 1980. No complaint was served. On or about March 16, 1982 defendant moved to dismiss the action pursuant to CPLR 3012 (subd [b]). Plaintiffs did not submit written opposition but did argue before Special Term. The court conditionally granted defendant's motion, giving plaintiffs leave to serve the complaint within 10 days after service of a copy of its order. On the record before us, plaintiffs offered absolutely no excuse for their delay, nor did they show that their claim has merit. Thus, the motion to dismiss should have been granted unconditionally (see *Barasch v Micucci,* 49 NY2d 594). Moreover, the practice of excusing a default in serving a complaint, where the defendant has moved to dismiss pursuant to CPLR 3012 (subd [b]), and where the plaintiffs have failed to submit any written papers in opposition, is an abuse of discretion. Plaintiffs' application to file a late respondents' brief is denied. Titone, J. P., Gibbons, Thompson and Niehoff, JJ., concur.

■ ALLEN H. KUBIK, Appellant, v ARDEN S. LEONETTI, Formerly Known as ARDEN S. KUBIK, Respondent. — In a proceeding to determine the custody and visitation rights of the parties with respect to their infant son, petitioner father appeals from (1) an order of the Family Court, Putnam County (Bowers, J.), dated December 24, 1979, which, after a hearing, *inter alia,* granted certain visitation rights to him; (2) an order of the same court (Bowers, J.), entered February 8, 1980, which denied his application for counsel fees; and (3) a further order of the same court (Hickman, J.), dated January 7, 1982, which denied his application to unseal the confidential minutes of an *in camera* interview between the parties' infant son and Judge Bowers. Order entered February 8, 1980, affirmed, without costs or disbursements. No opinion. Order dated January 7, 1982, affirmed, without costs or disbursements. No opinion. Order dated December 24, 1979, modified by deleting from the first decretal paragraph thereof the words, "Every Wednesday from 5:00 P.M. to 9:00 P.M.", and substituting therefor, the following: "Every Wednesday from 5:00 P.M. to 7:00 A.M. Thursday (or just before school commences)." As so modified, order affirmed, without costs or disbursements. Under the circumstances, petitioner should be permitted to have overnight visitation, every Wednesday, with his son. Damiani, J. P., O'Connor, Thompson and Bracken, JJ., concur.