■ John Varanelli, Appellant, v County of Suffolk et al., Respondents.—In an action to recover damages for false arrest, false imprisonment and malicious prosecution, the plaintiff appeals from an order of the Supreme Court, Suffolk

County (McInerney, J.), dated June 10, 1985, which denied his motion to compel the defendants to accept his verified complaint and which granted the defendants' cross motion to dismiss the action.

Ordered that the order is affirmed, with costs to the County of Suffolk payable by the plaintiff.

The denial by Special Term of the plaintiff's motion to compel the acceptance of the untimely served complaint and the granting of the defendants' cross motion to dismiss the complaint was proper. The plaintiff did not serve the complaint until some four months after the defendants' demand for the complaint. In order to avoid dismissal for failure to timely serve a complaint the plaintiff must demonstrate a reasonable excuse for the delay and that the claim against the defendants has legal merit (see, Barasch v Micucci, 49 NY2d 594). Special Term found that the plaintiff failed to offer a reasonable excuse for the delay. Although we disagree with that aspect of Special Term's decision, we do agree with Special Term that the plaintiff has failed to demonstrate the legal merits of his action. The plaintiff's submission of the verified complaint in lieu of an affidavit was not improper (see, Stolowitz v Mount Sinai Hosp., 60 NY2d 685, 686). The verified complaint, however, merely pleads conclusory allegations and therefore does not overcome the presumption of probable cause arising from a Grand Jury indictment (see, Hornstein v Wolf, 109 AD2d 129, 132, affd 67 NY2d 721). Bracken, J. P., Niehoff, Kooper and Sullivan, JJ., concur.