■ JANIS BENSON, Respondent, v RANA MANAGEMENT, INC., Appellant.—In a negligence action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Roncallo, J.), entered December 20, 1985, which denied, as academic, its motion for an order dismissing the action for the plaintiff's failure to serve a complaint, on the ground that a complaint had been served while the motion was pending.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the action is dismissed.

The plaintiff commenced this action by service of a summons with notice. The defendant served a notice of appearance and demanded a complaint. The plaintiff's attorney, accepting the demand, prepared a complaint within two weeks of service of the notice of appearance and demand.

Unable to have his client verify the complaint, the same was not served until after the defendant moved to dismiss the action for failure to comply with CPLR 3012 (b). The defendant rejected the proffered complaint.

The plaintiff's attorney opposed the motion, attributing the delay to his client's absence and an investigation following which he determined he could verify the pleading himself. The plaintiff's attorney's affirmation is at best conclusory, omitting the specific efforts he undertook and their timing. Thus, Special Term was presented with no adequate explanation for the delay or showing of merit.

Under these circumstances, it was error as a matter of law for Special Term to have denied the defendant's motion as academic because a complaint had eventually been served *(Kel Mgt. Corp. v Rogers & Wells,* 64 NY2d 904, 905; *see, Varanelli v County of Suffolk,* 130 AD2d 653; *Egan v Federated Dept. Stores,* 108 AD2d 718). Thompson, J. P., Weinstein, Eiber and Sullivan, JJ., concur.