■ MARION DWYER, Respondent, v JOEL GERSTEL, Individually and Doing Business as WESTRICH'S RESTAURANT, et al., Appellants—In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Sacks, J.), dated September 19, 1986, which (1) denied their motion to dismiss the action based on the plaintiff's failure to timely serve a complaint, and (2) granted the plaintiff's cross motion for an extension of time to serve a complaint.

Ordered that the order is reversed, on the law, without costs or disbursements, the defendants' motion is granted, the plaintiff's cross motion is denied, and the action is dismissed.

In order to defeat a motion to dismiss for failure to serve a complaint, a plaintiff must demonstrate a reasonable excuse for the delay and submit an affidavit of merit, containing evidentiary facts, indicating that he has a meritorious cause of action *(see, Kel Mgt. Corp. v Rogers & Wells,* 64 NY2d 904; *Kirschenbaum v Schreiber,* 91 AD2d 649). The affidavit of the plaintiff's attorney did not set forth a reasonable excuse for the delay in serving the complaint and the unverified and conclusory complaint submitted with the cross motion was not, as a matter of law, a sufficient affidavit of merit *(see, Reilly v Lopez Publs.,* 99 AD2d 1006; *Oversby v Linde Div.,* 121 AD2d 373). Under these circumstances, the Supreme Court erred, as a matter of law, in denying the defendants' motion to dismiss the action *(Kel Mgt. Corp. v Rogers & Wells, supra),* and in granting the plaintiff's cross motion. Mangano, J. P., Bracken, Kooper and Spatt, JJ., concur.