■ PHILIP NIEDERMEIER, an Infant, by HELEN NIEDERMEIER, His Mother and Natural Guardian, et al., Respondents, v NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES et al., Appellants.—In an action, *inter alia,* to recover damages for malicious prosecution, the defendants appeal from an order of the Supreme Court, Nassau County (Roberto, J.), dated April 27, 1987, which denied their motion to dismiss the complaint.

Ordered that the order is reversed, on the law, with costs, and the motion to dismiss the complaint is granted.

The record reveals that this action was commenced by the service of a summons with notice on or about November 28, 1984. The defendants thereafter served a demand for complaint dated December 17, 1984. The defendants moved to dismiss the action pursuant to CPLR 3012 (b), alleging that they never received the complaint. In opposition to the motion, the plaintiffs submitted an affirmation of their attorney and an affidavit of service indicating that the complaint had been served upon the defendants on April 23, 1985, by regular mail. While the plaintiffs' attorney conceded that this service was approximately 3½ months late, he merely asserted that such delay did not prejudice the defendants and that the "infant plaintiff has a valid action against the defendants herein". The Supreme Court, Nassau County, denied the motion to dismiss. We now reverse.

CPLR 3012 (b) permits the dismissal of an action where a plaintiff fails to timely comply with a demand for service of the complaint. Assuming, as the plaintiffs urge, that service of the complaint in the instant action occurred on April 23, 1985, the plaintiffs were required to demonstrate a reasonable excuse for the 3½-month delay and to submit an affidavit establishing the meritorious nature of their action in order to avoid dismissal pursuant to CPLR 3012 (b) *(see, Kel Mgt. Corp. v Rogers & Wells,* 64 NY2d 904; *Cummings v St. Joseph's Hosp. Health Center,* 130 AD2d 957, *Egan v Federated Dept.*

*Stores,* 108 AD2d 718). However, they failed to do so, as the attorney's affirmation sets forth no reasonable and acceptable explanation for the late service *(see, e.g., Benson v Rana Mgt.* 131 AD2d 798; *De Vito v Marine Midland Bank,* 100 AD2d 530), nor was an affidavit of merit submitted in opposition to the defendants' motion *(see, e.g., Kel Mgt. Corp. v Rogers & Wells, supra; Egan v Federated Dept. Stores, supra).* Therefore, an unconditional dismissal of the complaint is warranted *(see, Stolowtiz v Mount Sinai Hosp.,* 60 NY2d 685).

In light of the foregoing, we need not consider the defendants' remaining contentions. Rubin, J. P., Kooper, Sullivan and Balletta, JJ., concur.