■ FLORENCE DeSIENA, Individually and as Administratrix of the Estate of JOHN DeSIENA, Deceased, Respondent, v MAIMONIDES HOSPITAL CENTER et al., Defendants, and IRVING KROOP, Appellant.—In a medical malpractice action, *inter alia,* to recover damages for personal injuries and wrongful death, the defendant Irving Kroop appeals from an order of the Supreme Court, Kings County (Bellard, J.), dated January 27, 1989, which denied his motion to dismiss the action against him for failure to serve a complaint pursuant to CPLR 3012 (b).

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as it is asserted against the defendant Kroop, and the action against the remaining defendants is severed.

The plaintiffs commenced the instant action by service of a summons with notice dated January 7, 1988. On May 9, 1988, the appellant served a notice of appearance and a demand for a complaint. By letter dated July 28, 1988, Kroop again

demanded that a copy of the complaint be served within 20 days thereafter. As a result of the plaintiffs' failure to satisfy the above demands, on August 29, 1988, Kroop moved to dismiss the action as against him pursuant to CPLR 3012 (b).

Thereafter, on September 22, 1988, the plaintiffs served a verified complaint which Kroop rejected as a nullity due to its untimeliness. In opposition to the appellant's motion, the plaintiffs submitted a physician's unsworn affirmation. That affirmation merely asserted the injuries allegedly due to the malpractice, without detailing any evidentiary facts. The trial court denied the motion.

CPLR 3012 (b) requires that a plaintiff serve the complaint within 20 days after service of a defendant's demand therefor. If the complaint is not thereafter properly served, and the defendant moves to dismiss, the plaintiff must include in his opposition to the motion both a reasonable excuse for the delay and a sworn affidavit of merit *(see, Kel Mgt. Corp. v Rogers & Wells,* 64 NY2d 904; *Niedermeier v Nassau County Dept. of Social Servs.,* 143 AD2d 78; *Dwyer v Gerstel,* 138 AD2d 561).

Under the circumstances, the Supreme Court erred, as a matter of law, in denying defendant Kroop's motion to dismiss the action as against him *(see, Kel Mgt. Corp. v Rogers & Wells, supra).* Nowhere in the record does there appear any excuse, reasonable or otherwise, for the delay. Although the verified complaint may constitute an adequate substitute for an affidavit of merit *(see,* CPLR 105 [t]; *Brooks v New York City Hous. Auth.,* 159 AD2d 673; *Egan v Federated Dept. Stores,* 108 AD2d 718, 719), the failure of the verified complaint and the affirmation of the physician in the instant case fails to adequately set forth evidentiary facts regarding the claimed malpractice sufficient to establish a prima facie case *(see, Kel Mgt. Corp. v Rogers & Wells, supra,* at 905). Thompson, J. P., Rubin, Rosenblatt and Miller, JJ., concur.