We find that there were sufficient valid signatures for the Supreme Court to validate the candidates' petitions. Further, there was insufficient proof to establish that the subscribing witnesses did not sign the respective subscribing witness statements on the attested dates. That these statements were dated one day later than the date the signatures were collected does not invalidate the petitions since, contrary to the appellants' contention, there is no requirement in the Election Law that the statement of the subscribing witness be signed on the same day as the signatures are collected.

The appellants' remaining contentions are without merit. Bracken, J. P., Rubin, Harwood, Rosenblatt and Miller, JJ., concur.

(August 27, 1990)

FRANK FERRARA, Respondent, v CHARLES GUARDINO, Defendant, and COUNTY OF NASSAU et al., Appellants.—In an action to recover damages for malicious prosecution, the defendants County of Nassau, Nassau County District Attorney's office, and the Nassau County Police Department appeal from an order of the Supreme Court, Nassau County (Saladino, J.), entered August 2, 1988, which denied their motion pursuant to CPLR 3012 (b) to dismiss the action as against them for failure to timely serve a complaint, and which compelled them to accept late service of the verified complaint. The appeal brings up for review so much of an order of the same court, entered October 14, 1988, as, upon, in effect, granting the appellants' motion for reargument, adhered to the original determination (CPLR 5517 [b]).

Ordered that the appeal from the order entered August 2, 1988, is dismissed, as that order was superseded by the order entered October 14, 1988, made upon reargument; and it is further,

Ordered that the order entered October 14, 1988, is reversed insofar as reviewed, on the law, the order entered August 2, 1988, is vacated, the appellants' motion to dismiss the action as against them is granted, the action is dismissed as against

them, and the action against the remaining defendant is severed; and it is further,

Ordered that the appellants are awarded one bill of costs.

This action was commenced against the appellants by service upon them of a summons with notice dated April 4, 1988. Despite the appellants' timely demand for service of the complaint, the plaintiff did not serve his verified complaint until on or about June 8, 1988. That service was promptly rejected as untimely by the appellants, which had previously moved to dismiss the action as against them pursuant to CPLR 3012 (b). In opposition to the motion, the plaintiff submitted an attorney's affirmation, an affidavit of another attorney who had represented the plaintiff in the underlying criminal prosecution which gave rise to this civil action, and a copy of the proposed verified complaint. The court denied the motion, finding that the delay in service was reasonable and that the plaintiff's claim had merit. On the subsequent motion for reargument, the court, in effect, adhered to this determination. We now reverse.

It is well settled that a plaintiff must demonstrate a reasonable excuse for the delay and the meritorious nature of the claim in order to avoid dismissal of an action for failure to timely serve a complaint (see, Kel Mgt. Corp. v Rogers & Wells, 64 NY2d 904). The instant plaintiff has failed to do so. The affirmation of the plaintiff's counsel is conclusory and fails to set forth any specific efforts made to avoid or minimize the delay (see, e.g., Benson v Rana Mgt., 131 AD2d 798). Moreover, the proffered excuse for the delay in service upon the appellants is neither reasonable nor acceptable. Similarly, the plaintiff has failed to establish a meritorious claim, inasmuch as the statements in the affidavit of his criminal trial attorney are unsubstantiated and the document does not contain evidentiary facts set forth by one having personal knowledge of those facts (see generally, Kel Mgt. Corp. v Rogers & Wells, supra; Niedermeier v Nassau County Dept. of Social Servs., 143 AD2d 78). Finally, the plaintiff's verified complaint contains no specific factual allegations to demonstrate the merit of his malicious prosecution cause of action, as it merely alleges in a conclusory fashion that the appellants acted with malice in criminally prosecuting him (see generally, Mondello v Mondello, 161 AD2d 690). Brown, J. P., Kooper, Sullivan and Harwood, JJ., concur.