■ V.D.R. REALTY CORP., Appellant, v NEW YORK PROPERTY INSURANCE UNDERWRITING ASSOCIATION, Respondent, et al., Defendants.—In an action to recover damages for breach of an insurance contract, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Golden, J.), entered October 12, 1990, which granted the motion of the defendant New York Property Insurance Underwriting Association to dismiss

the complaint insofar as asserted against it, and (2) a judgment of the same court, entered October 17, 1990, entered thereon.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

To avoid dismissal of an action for failure to timely serve a complaint (CPLR 3012 [b]), a plaintiff must demonstrate a reasonable excuse for the delay and the meritorious nature of the claim *(see, Kel Mgt. Corp. v Rogers & Wells,* 64 NY2d 904; *Ferrara v Guardino,* 164 AD2d 932; *DeSiena v Maimonides Hosp. Ctr.,* 163 AD2d 351).

The failure of other defendants to file a notice of appearance is not a reasonable excuse for the plaintiff's eight-month delay in serving the complaint upon the defendant who demanded it. Nor did the plaintiff establish a prima facie breach of contract case. Therefore, the Supreme Court properly dismissed the complaint as against the moving defendant. Mangano, P. J., Sullivan, O'Brien, Ritter and Pizzuto, JJ., concur.