**Steven PARKUS, Appellant,**

v.

**Paul K. DELO, Appellee.**

**No. 93–1044.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 29, 1993.

Decided Feb. 5, 1993.

J. Steven Erickson and Marianne Marxkors, St. Louis, MO, for appellant.

Ronald L. Jurgeson, Kansas City, MO, for appellee.

Before McMILLIAN, BOWMAN, and WOLLMAN, Circuit Judges.

McMILLIAN, Circuit Judge.

The issue before the court in this 28 U.S.C. § 2254 habeas case is whether the notice of appeal is premature. Because appellant filed a timely Fed.R.Civ.P. 59(e) motion to alter or amend judgment after filing a notice of appeal, the appeal is premature and we dismiss for lack of jurisdiction.

On December 29, 1992, the district court denied appellant's habeas petition. On January 5, 1993, appellant filed a notice of appeal. On January 14, 1993, appellant filed a Fed.R.Civ.P. 59(e) motion to alter or amend judgment. The motion was filed sixteen calendar days after judgment was entered. During that sixteen day period, there were two intermediate Saturdays (January 2, 1993, and January 8, 1993), two intermediate Sundays (January 3, 1993, and January 10, 1993), one national holiday (January 1, 1993), and one state holiday commemorating the inauguration of Missouri's newly-elected governor (January 11, 1993).

 Fed.R.Civ.P. 6(a) governs the computation of the time period for filing a timely Rule 59(e) motion. *Jackson v. Scho-*

*emehl,* 788 F.2d 1296, 1298 (8th Cir.1986). Under Rule 6(a), intermediate Saturdays, Sundays, and legal holidays are excluded from the ten day time period for filing a Rule 59(e) motion. *Lomax v. Armontrout,* 923 F.2d 574, 575 (8th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 60, 116 L.Ed.2d 36 (1991). State holidays are included in the definition of a legal holiday. Fed.R.Civ.P. 6(a). When the intermediate Saturdays, Sundays, and legal holidays are excluded from the computation, appellant's Rule 59(e) motion was filed within ten days of the district court order denying habeas relief. A timely Rule 59(e) motion tolls the time for filing a notice of appeal. Fed. R.App.P. 4(a)(4); *Jackson v. Schoemehl,* 788 F.2d at 1298. Appellant's timely Rule 59(e) motion tolled the time period for filing a notice of appeal. The time for appeal will commence anew when the district court enters its order granting or denying the Rule 59(e) motion. *Sanders v. Clemco Industries,* 862 F.2d 161, 168 (8th Cir.1988).

This appeal is premature. Accordingly, we dismiss the appeal for lack of jurisdiction. The dismissal is without prejudice to appellant's timely filing of a new notice of appeal after the district court enters its order disposing of the Rule 59(e) motion. The motions to modify the expedited briefing schedule and for leave to withdraw as attorney of record are denied as moot.