Victor WOODARD, Plaintiff,

v.

Robert HARDENFELDER,
et al., Defendants.

No. 93–CV–4232.

United States District Court,
E.D. New York.

March 15, 1994.

Victor Woodard, plaintiff pro se.

Julie O'Neill, Asst. Corp. Counsel, New York City, for defendants.

*MEMORANDUM AND ORDER*

GLASSER, District Judge:

This is a motion by pro se plaintiff Victor Woodard ("Woodard") for "reargument of his pro se complaint and upon such reargument for an order reversing the ... order of this court" dated January 7, 1994, familiarity with which is assumed. Plaintiff contends that this court erred in dismissing his civil rights complaint without granting him leave to re-plead pursuant to *Platsky v. Central Intelligence Agency*, 953 F.2d 26 (2d Cir.1991).

(On the same day that plaintiff filed his motion for reargument, he also filed a notice of appeal.) For the following reasons, plaintiff's motion is denied.

### FACTS

On or about September 15, 1993, Woodard filed a complaint alleging violations of Sections 1981, 1983, and 1985 of Title 42 of the United States Code and Sections 241 and 242 of Title 18 of the United States Code, stemming from his arrest and conviction for burglary, robbery, criminal possession of a weapon and grand larceny, and a separate arrest for burglary and possession of burglar's tools.[1] Plaintiff named as defendants Officers Robert Hardenfelder, Andrew Hurtle and Pablo Ortiz, and Detective Joanne Simone of the New York City Police Department (the "Police Defendants").[2] Also named as defendants were District Attorney Charles J. Hynes and Assistant District Attorneys Eric Buchvar and Michael F. Madden (the "District Attorney Defendants"), and the Honorable Justices Gerges and Feldman. On November 5, 1993, this court dismissed the complaint against Justices Gerges and Feldman based on the protection afforded judges for acts performed in their judicial capacity. *Stump v. Sparkman*, 435 U.S. 349, 356, 98 S.Ct. 1099, 1104, 55 L.Ed.2d 331 (1978); *Pierson v. Ray*, 386 U.S. 547, 553–55, 87 S.Ct. 1213, 1217–18, 18 L.Ed.2d 288 (1967). Woodard did not appeal this decision nor did he move for its reconsideration.

On or about November 12, 1993, the remaining defendants also moved to dismiss the complaint. In a Memorandum and Order dated January 7, 1994 (the "Order"), this court granted defendants' motion and dismissed the complaint based on the following analysis.

1. *The District Attorney Defendants.* In the complaint Woodard alleged that the District Attorney Defendants instituted criminal charges against him; submitted motions to consolidate; introduced identification testimony; and furnished to plaintiff's attorney a copy of unidentified latent prints. Therefore, accepting all of the allegations as true, and construing them in favor of plaintiff, this court held that the District Attorney Defendants were protected from personal liability pursuant to the doctrine of absolute prosecutorial immunity. *Imbler v. Pachtman*, 424 U.S. 409, 431, 96 S.Ct. 984, 996, 47 L.Ed.2d 128 (1976). In so holding, this court rejected plaintiff's argument that absolute immunity is not applicable for these defendants because "even prosecutors cloaked with absolute civil immunity could be punished criminally for willful deprivation of constitutional rights on strength of 18 U.S.C. Section 242, the criminal analog of Section 1983." Affidavit of Victor Woodard, December 1, 1993 ("Woodard Aff'd") at 8.[3]

2. *The Police Defendants.* As stated above, plaintiff's civil rights complaint stemmed from two separate arrests and an alleged conspiracy involving the Police Defendants. The court analyzed plaintiff's complaint as follows.

---

1. Because 18 U.S.C. §§ 241 and 242 are criminal provisions, they are inapplicable to plaintiff's civil cause of action.

2. Although the Police Defendants were sued in their official capacities, the court liberally construed plaintiff's pro se complaint and analyzed the complaint as alleging both personal and official liability. To the extent that the defendants were sued in their official capacity, the court dismissed the complaint for failure to allege a municipal custom or policy. *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). In his memorandum of law in support of his motion for reargument, Woodard does not allege a municipal custom or policy although, as discussed *infra*, he does augment his false arrest allegation with new allegations.

3. In his memorandum of law in support of the motion for reargument, plaintiff adds new allegations regarding the activities of Assistant District Attorney Michael F. Madden. Specifically, plaintiff alleges that Madden "misdirected the [G]rand Jury and withheld [certain] facts[.]" Pl.'s Mem. at 7 n. 7. These facts are recounted in greater detail below. However, it is worth emphasizing that "[t]he presentation of a case to a grand jury falls squarely within the prosecutor's traditional function and is thus subject to absolute immunity under *Imbler*." *Maglione v. Briggs*, 748 F.2d 116, 118 (2d Cir.1984) (court upholds granting of summary judgment for prosecutor who was alleged to have presented a case to grand jury in bad faith).

a. *Indictment No. 14364/92.* Plaintiff was charged with and convicted of burglary, robbery, criminal possession, and grand larceny in connection with an October 17, 1992 attack on a Ms. Ruth Griffin in her home at 1547 East 66th Street in Brooklyn, New York. Plaintiff was arrested for these crimes when fingerprints found at the scene were compared with his own. Because a conviction gives a police officer a complete defense to a false arrest claim, *Cameron v. Fogarty,* 806 F.2d 380, 386 (2d Cir.1986), *cert. denied,* 481 U.S. 1016, 107 S.Ct. 1894, 95 L.Ed.2d 501 (1987), this court held that plaintiff could prove no set of facts in support of his claim which would entitle him to relief on this Section 1983 cause of action. In so holding, the court rejected plaintiff's argument that a motion to dismiss was not appropriate because (i) "plaintiff did not have a full and fair opportunity to litigate his Fourth Amendment claim in said court of conviction"; and (ii) "he was not convicted of the offenses for which he was arrested." Woodard Aff'd, at 7.[4]

b. *Indictment No. 12320/92.* Plaintiff alleged a violation of 42 U.S.C. § 1983 based on his arrest by Officers Hardenfelder and Hurtle on October 22, 1992, in connection with the attempted forced entry into the home of a Mr. Eric Gutzlaff at 1730 East 46th Street in Brooklyn, New York. In the complaint Woodard stated that Officers Hardenfelder and Hurtle,

> in their official capacities as police officers of the Police Department of the City of New York, 63rd precinct [sic], with racial discrimination and with deprivation of the plaintiff's rights secured and protected by the constitution and laws of the United States, illegally arrested the plaintiff after an unidentified citizen informant stated "he just seen a suspicious black male on a white bicycle riding down E. 46th St., then he ran into a driveway" and after inspection, the defendants allegedly observed the plaintiff attempting to gain access to the

rear window of 1730 East 46th St., with a screwdriver. . . .

Complaint at 4.

Noting its obligation to interpret pro se complaint's liberally, the court nevertheless determined that the Section 1983 cause of action, as it related to Indictment No. 12320/92, must be dismissed because (i) the return of the grand jury indictment created at the very least a presumption of probable cause, *Varanelli v. County of Suffolk,* 130 A.D.2d 653, 654, 515 N.Y.S.2d 584, 585 (2d Dep't 1987); and (ii) the complaint failed to allege any facts indicating a lack of probable cause for this arrest. In so holding, the court rejected plaintiff's argument that "his complaint against the 'Police Defendants' for illegally arresting him on October 22, 1992 . . . was/is sufficient to state a cause of action under federal statute rendering every person who deprives any United States citizen under color of any state statute, regulation, etc., of any constitutional right liable to party injured." Woodard Aff'd at 7.

In his motion for reargument plaintiff contends that "the court should have given plaintiff an opportunity to amend his pro se complaint to state his claim more clearly," Pl.'s Mem. at 11, and acknowledges that he only alleged, in connection with Indictment No. 12320/92, that the officers "with racial discrimination . . . illegally arrested him," Pl.'s Mem. at 9 n. 9. Plaintiff does not attach to his papers a proposed amended complaint, but in his memorandum of law plaintiff offers facts in connection with this arrest which were not contained in his original complaint. Woodard now adds that Officers Hardenfelder and Hurtle "responded to a radio run from a off duty MOS that there was a 10–10Y3 possible perpetrator and a possible burglary in progress at 1724 E. 46th St." Pl.'s Mem. at 1–2. Woodard notes that neither a description of the plaintiff nor the address of the complainant (1730 East 46th St.) was included in the "sprint report of the radio run." Pl.'s Mem. at 2 n. 1 and 3 n. 3.

---

4. In his affidavit in opposition to the motion to dismiss, plaintiff misconstrued defendants' argument and stated that "the plaintiff's state court conviction for the October 17th robbery of Ruth Griffin, [does not] preclude[] him frim [sic] litigating the existence of probable cause for his

October 22, 1992, arrest. . . ." Woodard Aff'd at 7. Defendants' argument, however, was that the conviction for Indictment No. 14364/92 (the October 17th arrest) barred plaintiff from litigating a Section 1983 cause of action in connection with *that* arrest, not the October 22, 1992 arrest.

Woodard also states that the officers "without contacting the owner of 1724 E. 46th St., trespassed in the backyard of 1730 E. 46th St., and illegally arrested the plaintiff solely for the purpose of ascertaining his identity." Pl.'s Mem. at 3 n. 2. Plaintiff notes that Mr. Todd Gutzlaff made a 911 telephone call to the police to report an attempted break-in, but that the officers had already arrested him (plaintiff) when they responded to the 911 call. Pl.'s Mem. at 4 n. 4. Woodard states that he was given his Miranda warnings by the officers but "he refused," Pl.'s Mem. at 5, and that the officers "without probable cause and without the plaintiff's consent transported him to the 63rd precinct," Pl.'s Mem. at 5. Plaintiff also adds that Officer Hardenfelder "with official misconduct invented the male passerby and the story that he observed the plaintiff attempting to gain access to the rear window at 1730 E. 46th St., with a screwdriver, to justify the said illegal arrest." Pl.'s Mem. at 5 n. 5. Woodard also adds the allegation that the complainant, Mr. Todd Gutzlaff, "did not have any basis of knowledge for the information he transmitted to the police and the information was unreliable." Pl.'s Mem. at 6 n. 6.[5]

c. *Conspiracy to Forward Plaintiff's Prints.* The complaint alleged that Officers Hardenfelder and Ortiz had conspired to forward a copy of plaintiff's fingerprints to the New York State Division of Criminal Justice Service and the Brooklyn Latent Print Unit after his October 22, 1992 arrest. If construed as a Section 1985(3) allegation, the court concluded that it must be dismissed because plaintiff did not allege that he was deprived of his rights as a result of any racial, ethnic, or class-based animus on the part of defendants. *Zemsky v. City of New York,* 821 F.2d 148, 151 (2d Cir.), cert. denied, 484 U.S. 965, 108 S.Ct. 456, 98 L.Ed.2d 396 (1987). If construed as a Section 1983 allegation, the court also concluded that it must be dismissed because it contained only vague and conclusory allegations of a conspiracy to deprive plaintiff of his constitutional rights. *Sommer v. Dixon,* 709 F.2d 173, 175 (2d Cir.) (per curiam), cert. denied, 464 U.S. 857, 104 S.Ct. 177, 78 L.Ed.2d 158 (1983). The court also noted that citizens of the United States do not have a right to have their fingerprints withheld after being lawfully arrested. Unlike the allegations regarding his October 22, 1992 arrest, or the actions of District Attorney Michael F. Madden, plaintiff offers no new facts in his memorandum of law in connection with this cause of action.

d. *Qualified Immunity.* The court dismissed the complaint as against Officer Ortiz who recovered plaintiff's unidentified latent prints and forwarded them to the latent print unit on October 20, 1992, based on the doctrine of qualified immunity. *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). The court also dismissed the complaint against Detective Joanne Simone for the same reason; it was alleged that she had compared plaintiff's prints found at the scene of the October 22, 1992 robbery with prints taken from plaintiff at an earlier time. In so holding, the court rejected plaintiff's argument that "the 'Police [D]efendants[']' claim for qualified immunity must be defeated because they knew or reasonably should have known that the malicious action they took within their sphere of official responsibility would violate the constitutional rights of the plaintiff." Woodard Aff'd at 7–8.

Woodard did not make a cross-motion to amend his complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. However, in his affidavit in opposition to defendants' motion to dismiss, he asked that the motion be denied, or, in the alternative, that he be allowed to file an amended complaint. Woodard Aff'd at 8. In granting defendants' motion to dismiss without prejudice, the court did not expressly address the issue of whether plaintiff should be given leave to file an amended complaint.

\*     \*     \*     \*     \*     \*

---

**5.** Given that plaintiff states that he was arrested *before* the officers responded to the 911 call, this allegation is immaterial. Even if Mr. Todd Gutzlaff had given the police unreliable information, the officers, according to plaintiff's memorandum of law, completed the arrest without that information.

Plaintiff received a copy of the Order on January 12, 1994 (the same day that judgment was entered), and a copy of the judgment on January 18, 1994. Pl.'s Mem. at 11–12. Plaintiff served his motion for reargument by mailing his moving papers on January 20, 1994. The Clerk of the Court received and filed plaintiff's motion papers on January 27, 1994. On the same day, the Clerk of the Court received and filed plaintiff's notice of appeal appealing this court's Order of January 7, 1994. On or about February 9, 1994, the Clerk of the Court sent a certified record on appeal to the United States Court of Appeals for the Second Circuit which indicated that plaintiff had filed his notice of appeal and his motion for reargument on the same day. The appeal to the Second Circuit, No. 94–2058, was filed and docketed with that court on or about January 31, 1994; appellant's brief is due on March 30, 1994.

## DISCUSSION

### I. *Jurisdiction to Entertain Plaintiff's Motion*

■ As an initial matter, this court must first determine if it has jurisdiction to entertain plaintiff's post-judgment motion given that he filed a notice of appeal on the same day that he filed his motion for reargument. Had plaintiff filed a motion pursuant to Rule 60 of the Federal Rules of Civil procedure after filing a notice of appeal and more than 10 days after the entry of the judgment,[6] this court would be without jurisdiction to entertain that post-judgment motion absent consent from the Second Circuit. *Toliver v. County of Sullivan*, 957 F.2d 47, 49 (2d Cir.1992) ("[T]his circuit has repeatedly held that the docketing of a notice of appeal 'ousts the district court of jurisdiction except insofar as it is reserved to it explicitly by statute or rule.") (quoting *Ryan v. United States Line Co.*, 303 F.2d 430, 434 (2d Cir. (1962)); *Contemporary Mission, Inc. v. United States Postal Service*, 648 F.2d 97, 107 (2d Cir.1981) ("[T]he district court properly denied plaintiff's post-judgment motion under Fed.

R.Civ.P. 60(b). The filing of the notice of appeal divested the district court of jurisdiction to entertain the motion.").

In this case, however, plaintiff does not state under which rule he is proceeding in his motion for reargument. The Second Circuit has noted that "most substantive motions brought within ten days of the entry of judgment are functionally motions under Rule 59(e), regardless of their label or whether relief might also have been obtained under another provision." *McCowan v. Sears, Roebuck and Co.*, 908 F.2d 1099, 1103 (2d Cir.), *cert. denied*, 498 U.S. 897, 111 S.Ct. 250, 112 L.Ed.2d 209 (1990). Rule 59(e) provides that "[a] motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment." In this case, plaintiff has argued that the Order should be set aside and that he should have been given leave to replead his complaint; therefore, by asking that the Order be "vacated" and "reversed," Pl.'s Mem. at 13, plaintiff has made a substantive motion attacking the merits of the court's Order and hence his motion is properly viewed as one brought pursuant to Rule 59(e). *See generally* 9 James Wm. Moore, Bernard J. Ward and Jo Desha Lucas *Moore's Federal Practice* ¶ 204.12[1] at 4–73 to 4–74 (1993) ("Thus, a motion to 'reconsider,' to 'vacate,' to 'set aside,' or to 'reargue' is a motion under Rule 59(e). . . .").

Because plaintiff has timely filed a motion for reargument pursuant to Rule 59, this court has jurisdiction to entertain that motion even though an appeal is presently pending in the Second Circuit. This is because, pursuant to Rule 4(a)(4) of the Federal Rules of Appellate Procedure, an appeal to the Court of Appeals which is made while a Rule 59 post-judgment motion is pending is held in abeyance pending disposition of the post-judgment motion. Rule 4(a)(4) provides in relevant part that,

A notice of appeal filed after announcement or entry of the judgment but before disposition of any of the above motions [including a Rule 59 motion to alter or

---

6. Rule 60(b) provides a mechanism whereby a court may relieve a party from a final judgment because of, among other things, mistake, newly discovered evidence, fraud, the judgment is void,

the judgment has been satisfied, or any other reason justifying relief from the operation of the judgment.

amend the judgment] is ineffective to appeal from the judgment or order, or part thereof, specified in the notice of appeal, until the date of the entry of the order disposing of the last such motion outstanding. Appellate review of an order disposing of any of the above motions requires the party, in compliance with Appellate Rule 3(c), to amend a previously filed notice of appeal. A party intending to challenge an alteration or amendment of the judgment shall file an amended notice of appeal within the time prescribed by this Rule 4 measured from the entry of the order disposing of the last such motion outstanding. No additional fees will be required for filing an amended notice.

Fed.R.App.P. 4(a)(4).[7]

This change in the Rule eliminates the trap into which many litigants fell when they filed a notice of appeal while a post-judgment motion was pending. Previously, the notice of appeal was deemed a nullity and unless an appellant filed a new notice of appeal following the disposition of the post-judgment motion the Court of Appeals lacked jurisdiction to hear the appeal. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 61, 103 S.Ct. 400, 403, 74 L.Ed.2d 225 (1982) (where notice of appeal was filed seven days after the filing of a Rule 59 motion, the notice of appeal "was not merely defective; it was a nullity."); *see McCowan.* Now, however, "[a] notice [of appeal] filed before the filing of one of the specified motions or after the filing of a motion *but before disposition of the motion* is, in effect, suspended until the motion is disposed of, whereupon, the previously filed notice effectively places jurisdiction in the court of appeals." Fed.R.App.P. 4 advisory committee's note (emphasis added).

Although the new rule does not specifically address the situation presented by this case—a simultaneous filing of a Rule 59 motion and a notice of appeal—the court in *Burt v. Ware*, 14 F.3d 256 (5th Cir.1994), was faced with a similar problem in relation to Rule 60(b) motion made within 10 days of the entry of the judgment. In *Burt,* the lower court granted summary judgment for defen-

dants on plaintiff's Section 1983 action on December 31, 1992. The plaintiff filed a notice of appeal and a 60(b) motion on the same day (January 6, 1993). While the plaintiff's Rule 60(b) motion was still pending, he pursued his appeal. The court held that the new Rule 4(a)(4) would be applied retroactively and hence plaintiff's appeal would remain dormant until the lower court had ruled on his Rule 60(b) motion. This approach necessarily mandates that the lower court retain jurisdiction even though an appeal has been filed on the same day. Rule 4(a)(4) supports this analysis because it declares that an appeal is ineffective if filed "before disposition" of a post-judgment motion. In this case, although the appeal and the motion were filed on the same day, the appeal was filed "before disposition" of the motion and hence the appeal is ineffective. Because the appeal is ineffective, the Second Circuit does not have jurisdiction which, by implication, results in the conclusion that this court retains jurisdiction to entertain plaintiff's post-judgment appeal.

This conclusion is also supported by the fact that before the implementation of the new Rule 4(a)(4), courts held that a timely Rule 59(e) motion made *after* the filing of a notice of appeal was a nullity and therefore the lower court retained jurisdiction to hear the post-judgment motion. *Parkus v. Delo,* 985 F.2d 425, 425–26 (8th Cir.1993) (where pro se plaintiff files Rule 59(e) motion nine days after filing notice of appeal court dismisses appeal for lack of jurisdiction); *Tripati v. Heman,* 845 F.2d 205, 205–06 (9th Cir. 1988) (district court retains subject matter jurisdiction to consider a timely Rule 59(e) motion when filed after a notice of appeal). If a post-judgment Rule 59 motion made after the filing of a notice of appeal results in the lower court retaining jurisdiction, it follows that a simultaneous filing should also have the same result because, as pointed out above, as a general rule once a notice of appeal is filed a lower court is ousted of its jurisdiction. However, as *Parkus* and *Tripati* make clear, a notice of appeal filed before the filing of a Rule 59 post-judgment motion

---

7. The new rule now includes motions made pursuant to Rule 60 if they are made within 10 days after the entry of judgment. The rule became effective on December 1, 1993.

does not oust the lower court of its jurisdiction; neither, therefore, should a simultaneous filing.

This court therefore has jurisdiction to entertain plaintiff's Rule 59(e) motion to set aside this court's Order of January 7, 1994, irrespective of the fact that he filed a notice of appeal on the same day.

## II. *Motion for Reconsideration*

Woodard has styled his motion as one for "reargument of his pro se complaint and upon such reargument for an order reversing the ... order of this court." As demonstrated above, plaintiff's motion will be considered as one pursuant to Rule 59(e). Also implicated is Local Rule 3(j) ("A notice of motion for reargument"). The standards for granting a motion for reconsideration under both Rule 59(e) and Local Rule 3(j) are strict. These standards were summarized by the court in *Ruiz v. Commissioner of the Department of Transportation of the City of New York*, 687 F.Supp. 888, 890 (S.D.N.Y.):

> The standard for granting a motion for reargument is strict in order to dissuade repetitive arguments on issues that have already been considered fully by the Court. Such motion may be granted only where the Court has overlooked matters or controlling decisions which might have materially influenced the earlier decision.

*aff'd*, 858 F.2d 898 (2d Cir.1988).[8] Furthermore, "[a] motion for reconsideration pursuant to Rule 59(e), Fed.R.Civ.P., is addressed to the sound discretion of the trial court." *Id.* at 890 n. 3. As one court noted:

> The proponent of such a motion [for reargument] is not supposed to treat the court's initial decision as the opening of a dialogue in which that party may then use Rule 3(j) to advance new facts and theories in response to the court's rulings. The purpose of the rule is "to ensure the finali-

ty of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters."

*McMahan & Co. v. Donaldson, Lufkin & Jenrette*, 727 F.Supp. 833, 833 (S.D.N.Y. 1989). *See also Farkas v. Ellis*, 783 F.Supp. 830, 832 (S.D.N.Y.) ("The standard for granting a motion for reargument is strict in order to preclude repetitive arguments on issues that have already been considered fully by the court."). *aff'd*, 979 F.2d 845 (2d Cir. 1992).

■ Plaintiff's memorandum of law does not offer any "matters or controlling decisions" attacking the validity of the court's Order dismissing the complaint on the grounds outlined above. Although plaintiff includes new factual allegations in his memorandum of law regarding his arrest on October 22, 1992,[9] "[t]o be entitled to reargument under Local Rule 3(j), the [moving party] must demonstrate that the court overlooked controlling decisions or factual matters *that were put before the court on the underlying motion.*" *Ashley Meadows Farm v. American Horse Shows Ass'n, Inc.*, 624 F.Supp. 856, 857 (S.D.N.Y.1985) (emphasis added). Plaintiff has not pointed to any factual matters or controlling decisions which were put before the court prior to its January 7, 1994 Memorandum and Order.

■ Furthermore, the new facts which have been brought to the attention of the court do not necessitate vacating this court's Order. A fair reading of plaintiff's memorandum or law indicates that his chief focus on this motion is the court's dismissal of the wrongful arrest cause of action relating to the October 22, 1992 arrest (Indictment No. 12320/92). For example, plaintiff highlights the fact that the court stated, in connection with this aspect of his complaint, that "plaintiff has pleaded no facts in his complaint

---

8. The court in *Ruiz* also noted that "[a] motion pursuant to Rule 59(e) raises the same concerns regarding judicial economy and the finality of judgments as does a motion pursuant to local Rule 3(j). Accordingly, in the exercise of its discretion, the Court will apply the Rule 3(j) standard to the Rule 59(e) motion and will consider plaintiffs' motions under both rules together." *Id.* at 890 n. 3.

9. *E.g.,* Officer Hardenfelder "with official misconduct invented the male passerby and the story that he observed the plaintiff attempting to gain access to the rear window at 1730 E. 46th St., with a screwdriver, to justify the said illegal arrest." Pl.'s Mem. at 5 n. 5.

regarding this arrest which would overcome, at the very least, the presumption of probable cause established by the return of the indictment by the grand jury." Pl.'s Mem. at 10 n. 11 (quoting slip op. at 13). However, even had these facts been presented in plaintiff's complaint, a dismissal would still have been warranted.

Section 1983 of the Title 42 of the United States Code provides in relevant part that,

Every person who, under color of statute, ordinance, regulation, custom, or usage of any State ... subjects ... any citizen ... to the deprivation of any rights ... secured by the Constitution ... shall be liable to the party injured....

Section 1983 protects citizens from false arrest or false imprisonment. *Simpson v. Saroff,* 741 F.Supp. 1073 (S.D.N.Y.1990). However, "[a] claim for false arrest or false imprisonment as an unconstitutional deprivation of civil rights under 42 U.S.C. § 1983 may be established only if there was no probable cause to support the plaintiff's arrest and detention." *Id.* at 1077. *See also Zanghi v. Incorporated Village of Old Brookville,* 752 F.2d 42, 45 (2d Cir.1985) ("It is abundantly clear that a finding of probable cause will defeat state tort claims for false arrest, false imprisonment and malicious prosecution."). The test for probable cause for false arrest was outlined by the Second Circuit in *Calamia v. City of New York,* 879 F.2d 1025, 1032 (2d Cir.1989):

In general, probable cause to arrest exists when the authorities have knowledge or reasonably trustworthy information to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested. The existence of probable cause must be determined on the basis of the totality of the circumstances....

(citations omitted). *See also United States v. Place,* 660 F.2d 44, 47 (2d Cir.1981) (probable cause exists if the circumstances known to the officer are sufficient "to lead a reasonable and prudent person to believe, not merely suspect, that a crime has been or is being committed."), *aff'd,* 462 U.S. 696, 103 S.Ct. 2637, 77 L.Ed.2d 110 (1983); *Thomas v. Culberg,* 741 F.Supp. 77, 80 (S.D.N.Y.1990)

(probable cause exists where officer receives "information from some person—normally the putative victim or eyewitness—who it seems reasonable to believe is telling the truth.").

Given these standards, the new facts alleged by Woodard do not state a cause of action for false arrest for at least two reasons. First, as discussed at some length in this court's Order, a grand jury has returned a indictment against plaintiff for the October 22, 1992, forced entry of the home of Mr. Gutzlaff and this establishes, at the very least, a presumption of probable cause. In other contexts, as the court noted, the Second Circuit has held that a grand jury indictment conclusively establishes probable cause to arrest. *United States v. Contreras,* 776 F.2d 51 (2d Cir.1985). Second, although plaintiff submits that Officer Hardenfelder invented the passerby and concocted a story in order substantiate the allegedly illegal arrest, plaintiff attaches as Exhibits D and E of his memorandum of law copies of Officer Hardenfelder's "scratch pad" which state in relevant part that,

Passerby stated suspicious [black] male on [white] bicycle travelled down E. 46 then run into driveway [at] 1724 E. 46. Upon closer inspection we saw a bicycle in driveway of 1724 E. 46 and proceeded to go to bike. At that time we heard a noise 2 yards away [and] upon close inspection could see 1 [black male], jean jacket with leather [at] window in rear of 1730 E. 46 sliding window over with a screw driver in hand. Perp. then dropped screw driver and jumped fence where [Police Officer] Hurtle was approaching and we told the individual to stop which he did then instructed him to lay on ground and he wouldn't. We then instructed him again and he again refused. We both then grabbed the individual's arm and he struggled to stay upright which forced us to apply minor force to bring the perp. under control.

These exhibits were also attached to plaintiff's complaint as Exhibits E and F. Also attached to plaintiff's complaint as Exhibit D was the Complaint Report signed by Officer Hardenfelder which stated that "perp was

observed attempting to gain access to the rear window of 1730 E. 46th St. with screwdriver. The compl. states that the perp did not have P. & A. to do so. Damage to rear window frame and screen." On a motion to dismiss the court is allowed to consider documents incorporated by reference into the complaint. *Brass v. American Film Technologies, Inc.*, 987 F.2d 142, 150 (2d Cir. 1993). Although the return of the indictment by the grand jury, without more, effectively establishes the existence of probable cause, the allegations added by plaintiff together with the exhibits he annexed can only serve to buttress the existence of probable cause.[10]

■ Plaintiff also argues that the Order was in error because it should have included a provision permitting him to replead. Plaintiff's argument is reported here in full:

> The plaintiff contends that the court should have given him an opportunity to amend his pro se complaint to state his claim more clearly. Fed.R.Civ.Proc., Rule 15(a) [See *Platsky v. CIA,* 953 F.2d 26 [2d Cir.1991]]. "In order to justify the dismissal of a pro se complaint, it must be *beyond doubt* that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines v. Kerner,* 404 U.S. at 521, 92 S.Ct. at 594 (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 [1957]).

Pl.'s Mem. at 12–13 (emphasis in original).

In *Platsky v. Central Intelligence Agency,* 953 F.2d 26 (2d Cir.1991), this court had dismissed a pro se complaint for lack of standing, as barred by the doctrine of sovereign immunity, and for failure to state a claim upon which relief could be granted. Specifically, this court held that the plaintiff had "failed to allege the concrete and particularized injury required to establish standing and to state a claim upon which relief could be granted." *Id.* at 28. As the Second Circuit noted, the plaintiff's complaint contained generalized allegations regarding an alleged deprivation of the right to associate with political organizations of his choice. However, the court noted that,

> However inartfully pleaded, these allegations suggest that the plaintiff had specific instances of injury in mind. When we questioned Platsky at oral argument, he recounted definite acts by which the defendants allegedly caused him harm. According to Platsky, on one occasion the defendants' agents approached his landlord and attempted to have him evicted from his home. Plaintiff also stated that the defendants specifically interfered with his admission to a particular political organization. If they were pleaded correctly, these allegations might state a legally cognizable claim.

*Id.* at 28–29.[11]

The proposition that pro se civil rights plaintiffs should be granted leave to amend when their complaints are dismissed has been recognized in *Elliott v. Bronson,* 872 F.2d 20, 24 (2d Cir.1989) (it was an abuse of discretion to dismiss pro se's Section 1983 action sua sponte before service without granting leave to file amended pleading where complaint contained arguable violations of constitutional rights), and *Salahuddin v. Cuomo,* 861 F.2d 40, 43 (2d Cir.1988) (it was an abuse of discretion to dismiss pro se's Section 1983 action sua sponte without granting leave to file amended pleading on the ground that its length and detail violated Fed.R.Civ.P. 8 because "[d]espite its length ... [the] complaint is neither vague nor incomprehensible, and it clearly pleads at least some claims that cannot be termed frivolous on their face."). Lower courts have therefore granted pro se plaintiffs leave to amend when dismissing their complaints if the situation so warrants. *E.g., Shannon v. General*

---

**10.** As pointed out in the Order, plaintiff sued the Police Defendants in their official capacity and because of the absence of an allegation of municipal custom or policy the complaint was properly dismissed. As with the analysis contained in the Order, this analysis is based on a liberal reading of the complaint and the memorandum of law so as to include an allegation of acts committed in the Police Defendants' personal capacity.

**11.** However, subsequent to the Second Circuit's directive that the pro se plaintiff be given leave to amend, he failed, in a number of subsequent filings, to articulate any cognizable injury which would warrant judicial intervention. *See Platsky v. Armand, et al.,* No. CV–93–4142 (E.D.N.Y. Feb. 8, 1994).

*Elec. Co.*, 812 F.Supp. 308, 323 (N.D.N.Y. 1993) (in *Bivens* action where complaint fails to allege anything but conclusory, non-specific allegations of constitutional violations, plaintiff is granted leave to amend following discovery specifying the constitutional rights violated and naming individuals who were acting under color of state law).

These cases stand for the self-evident proposition that leave to file an amended complaint is only appropriate when, based on the plaintiff's first complaint, it is conceivable that an amended complaint could state a cause of action for a violation of the plaintiff's civil rights. In *Platsky* the pro se plaintiff was able to convince the Second Circuit that hidden in his ramblings was a cognizable constitutional injury and hence leave to re-plead was granted. In *Bronson* and *Salahuddin* the factual allegations contained in the first complaint also contained the seeds of a viable complaint. Such is not the case here. As demonstrated above, given the allegations contained in the first complaint and even accepting as true the allegations contained in Woodard's memorandum of law, the return of a true bill by a grand jury together with the documentary evidence attached to the complaint establishes that Woodard cannot state a viable claim for false arrest in violation of 42 U.S.C. § 1983.[12]

 Finally, to the extent that plaintiff's motion for reargument includes a motion pursuant to Rule 15(a) of the Federal Rules of Civil Procedure to file an amended complaint (as defendants argue), this court cannot entertain such a motion until the underlying Order has been set aside or vacated pursuant to Rule 59(e) or 60(b). *National Petrochemical Co. v. M/T Stolt Sheaf*, 930 F.2d 240, 244–45 (2d Cir.1991) ("It has been held that 'once judgment is entered the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to Fed.R.Civ.P. 59(e) or 60(b).'") (quot-

ing *Cooper v. Shumway*, 780 F.2d 27, 29 (10th Cir.1985)). The court in *National Petrochemical* wrote that "[u]nless there is a valid basis to vacate the previously entered judgment, it would be contradictory to entertain a motion to amend the complaint." *National Petrochemical*, 930 F.2d at 245. *See also Mitsubishi Aircraft Int'l, Inc. v. Brady*, 780 F.2d 1199, 1203 (5th Cir.1986) (refusal to grant leave to amend complaint to add claim of economic duress, after district court had granted defendants' motion for summary judgment and dismissed defendants' counterclaims, was not abuse of discretion; "there was no longer existent a claim to be amended, since summary judgment was already granted."). As demonstrated above, there is no basis to set aside or vacate this court's Order pursuant to Rule 59(e) and therefore this court cannot entertain a motion to file an amended complaint pursuant to Rule 15(a).

### CONCLUSION

For the foregoing reasons, plaintiff's motion for reargument is denied.

---

12. Woodard has added no new facts in his memorandum of law which would indicate that leave to replead his conspiracy claims would serve any useful function. As discussed in this court's Order, a conspiracy involving the transferring and comparison of finger prints lifted at the scene of an arrest does not implicate Sections 1983 or 1985. Furthermore, as noted above in footnote 3, the new allegations regarding Assistant District Attorney Michael F. Madden's presentation to the grand jury would not support granting leave to file an amended complaint against him. Woodard has also added no new facts in his memorandum of law which would indicate that the Police Defendants were acting pursuant to a municipal policy or custom as required by *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).