■ David Boyle, Appellant, v Rubin Lowe et al., Respondents. [639 NYS2d 557] —Crew III, J.

The record demonstrates that plaintiff, a producer of a public access television show entitled "Watch Dog Review" in the Town of Woodstock, Ulster County, had his studio privileges suspended in April 1993 due to allegations that he had disobeyed certain rules. Plaintiff bitterly opposed this action and by two separate orders to show cause sought to restrain defendants, who are members of the Woodstock Town Board and Woodstock Cable Commission, from denying him access to the studio. In August 1993, Supreme Court dismissed both of

these matters (which the court characterized as essentially seeking CPLR article 78 relief) on the basis that, *inter alia,* inasmuch as plaintiff was still in the midst of administrative and grievance proceedings to challenge his suspension, he had failed to exhaust his administrative remedies. Thereafter, in October 1993, plaintiff moved by order to show cause for vacatur of the prior dismissal order, again seeking reinstatement of his broadcast rights. Plaintiff further indicated that he would soon serve a civil complaint for damages and, by order to show cause dated December 30, 1993, requested an order from Supreme Court extending his time to serve a verified complaint alleging slander.

By order entered February 18, 1994, Supreme Court denied plaintiff's December 30, 1993 motion upon the basis that it could not extend the Statute of Limitations for plaintiff to file a complaint. Thereafter, by order entered February 28, 1994, Supreme Court, *inter alia,* finally dismissed the proceeding referenced in plaintiff's October 1993 motion as moot because plaintiff had, in the interim, prevailed in his administrative appeal and had all of his broadcasting privileges restored. Plaintiff then moved for reconsideration of Supreme Court's latter two orders, and this application was denied by order entered June 22, 1994. Finally, in March 1995, plaintiff moved for an order awarding him costs, and Supreme Court denied this motion by order entered June 15, 1995. These appeals by plaintiff followed.

There must be an affirmance. We have closely examined the arguments raised by plaintiff in his *pro se* briefs and have concluded that Supreme Court committed no reversible errors of law in the decisions challenged by plaintiff. Plaintiff's proceeding seeking the restoration of his broadcast rights was properly found to be moot after plaintiff received all the relief he requested (*cf., Matter of Soto v Coughlin,* 212 AD2d 925). Although plaintiff sought an extension to serve his complaint pursuant to CPLR 3012 (b), there is no indication in the record that any party was ever served with a summons, notice of claim or demand that would have justified the grant of such a motion by Supreme Court (*cf., DeSiena v Maimonides Hosp. Ctr.,* 163 AD2d 351). As for plaintiff's request for costs, we find no abuse of discretion in Supreme Court's determination that such an award was unwarranted. Plaintiff's remaining arguments are either unpersuasive or not properly before us.

Mikoll, J. P., White, Casey and Peters, JJ., concur. Ordered that the orders are affirmed, without costs.