■ WALTER BRAVO, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant, et al., Defendants. [676 NYS2d 871] —In an action to recover damages for personal injuries, the defendant New York City Housing Authority appeals from an order of the Supreme Court, Kings County (Schneier, J.), dated August 11, 1997, which, upon renewal and reargument, denied its motion pursuant to CPLR 3012 (b) to dismiss the action insofar as asserted against it for failure to serve a complaint.

Ordered that the order is reversed, on the law and as an exercise of discretion, with costs, the appellant's motion is granted, the complaint is dismissed insofar as asserted against it, and the action against the remaining defendants is severed.

The Supreme Court improvidently exercised its discretion in denying the appellant's motion to dismiss the action based upon the plaintiff's failure to serve a complaint (*see,* CPLR 3012 [b]). In order to successfully oppose the appellant's motion, the plaintiff was required to demonstrate a meritorious cause of action and a reasonable excuse for the delay (*see, Culley v Morrison,* 247 AD2d 356; *Chiaffarano v Winston,* 234 AD2d 329, 330; *V.D.R. Realty Corp. v New York Prop. Ins. Underwriting Assn.,* 186 AD2d 645, 646). Although "[t]he determination of what constitutes a reasonable excuse for a default 'lies within the sound discretion of the trial court' " (*Perellie v Crimson's Rest.,* 108 AD2d 903, 904, quoting *DeVito v Marine Midland Bank,* 100 AD2d 530, 531; *see also, Bardales v Blades,* 191 AD2d 667, 668), and the court may accept law office failure as an excuse (*see,* CPLR 2005), in the instant case the Supreme Court erred in accepting the explanation of the plaintiff's counsel that his delay in serving a complaint was caused by some unspecified law office failure. This Court has held that "law office failure, without supporting facts to explain and justify the default, is insufficient to establish an excusable default" (*Swedish v Bourie,* 233 AD2d 495, 496; *see, American Sigol Corp. v Zicherman,* 166 AD2d 628, 629). Bracken, J. P., Copertino, Santucci, Florio and McGinity, JJ., concur.