**Queen Esther JONES, Plaintiff,**

v.

**CAPITAL CITIES/ABC INC., WWOR–TV Inc., National Broadcasting Company, Inc., WPIX Inc., CBS Inc., WNYN–Fox 5, Innercity Broadcasting Company WBLS/WLIB, New York Telephone, their agents, employees, custodians, broadcast journalists, et al., Defendants.**

No. 93 Civ. 2915 (JES).

United States District Court, S.D. New York.

Feb. 1, 1995.

Queen Esther Jones, plaintiff pro se.

Runin & DiGiulio, New York City (Christopher P. DiGiulio, of counsel), for defendant ABC Inc.

Muriel Henle Reis, New York City, for defendant FOX Television Stations, Inc.

Douglas P. Jacobs, New York City, for defendant CBS, Inc.

Gayle Chatilo Sproul, New York City, for defendant NBC, Inc.

Lankenau, Kovner & Brickford, New York City (Victor A. Kovner, of counsel), for WWOR–TV Inc.

Neal S. Dobshinsky, Stuart S. Sherman, New York City, for defendant NYNEX.

Sidley & Austin, New York City (Christopher J. McCaffery, of counsel), for defendant WPIX Inc.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge.

For the reasons that follow, defendants' motions to dismiss the Second Amended Verified Complaint are granted.

### BACKGROUND

On May 3, 1993, plaintiff *pro se* Queen Esther Jones ("plaintiff" or "Jones") filed a Verified Complaint against defendants Capital Cities/ABC Inc., WWOR–TV Inc., National Broadcasting Company, Inc., WPIX Inc., CBS Inc., WNYN–FOX 5, Innercity Broadcasting Company WBLS/WLIB, and York Telephone (collectively, the "defendants"), which plaintiff superseded with a First Amended Verified Complaint filed on July 7, 1993 and a Second Amended Verified Complaint filed on October 15, 1993.

The Second Amended Verified Complaint ("SAC") makes three claims against the defendant television networks and stations. Count I makes a claim for unlawful interception of plaintiff's oral, wire and electronic communications pursuant to 18 U.S.C. § 2511 (1988). This Count is based on plaintiff's claim that the defendants "intercepted the plaintiff's oral, wire, and electronic communications" and made "disclosure of the contents of the plaintiff's communications ... to the public in bad faith, and ... without a facially valid court order or certification." SAC ¶¶ 7–8, 14.

Count II makes a claim for false imprisonment and deprivation of plaintiff's constitutional rights pursuant to 42 U.S.C. § 1983. More specifically, plaintiff alleges that the defendants "confined the plaintiff after having been accused of several crimes" and that "the defendants [sic] confinement ... was never subsequent to a legal arrest, by taking the plaintiff before a legal authority or before a magistrate, and continues such conduct." SAC ¶¶ 17–18. Plaintiff then alleges that "the defendants intentionally deprived her of her fifth, fourth, sixth, eighth, and fourteenth [sic] amendment rights to the United States Constitution ... [and] are acting in the spirit of 42 U.S.C. § 1983." SAC ¶ 20.

Count III makes a pendent state claim for invasion of privacy and defamation. Specifically, plaintiff alleges that defendants "intruded into the plaintiff's living quarters, mental and physical solitude and seclusion, and private matters." SAC ¶ 23. Plaintiff alleges that the intrusion included "ostentatious shadowing and surveillance of the plaintiff" and "interview[ing] associates, potential employers, from recorded telephone numbers, [which] would cause apprehension of the plaintiff, by casting aspersions, against the plaintiff's religious, political beliefs, and sexual proclivities." SAC ¶¶ 25–26. The defendants also allegedly "identified the plaintiff by name and picture with the embarrassing private facts that was true to the public." SAC ¶ 32.

Defendants move to dismiss the Second Amended Complaint in its entirety for failure to state a claim upon which relief could be granted, pursuant to Fed.R.Civ.P. 12(b)(6).

## DISCUSSION

■ Defendants' motions to dismiss must be granted for the following reasons. First, Fed.R.Civ.P. 8(a)(2) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Furthermore, "[e]ach averment of a pleading shall be simple, concise, and direct." Fed.R.Civ.P. 8(e)(1). These requirements are designed to compel a plaintiff to identify the relevant circumstances that he claims entitle him to relief in such a manner that the defendants are provided with fair notice to enable them to answer and prepare for trial. *See Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.1988); *see generally* 5 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure: Civil § 1217 (2d ed. 1990). However, "[c]omplaints which ramble, which needlessly speculate, accuse and condemn, and which contain circuitous diatribes far removed from the heat of the claim do not comport with these goals and this system" and must be dismissed. *Prezzi v. Berzak*, 57 F.R.D. 149, 151 (S.D.N.Y.1972); *accord, Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir.1972) (*per curiam*), *cert. denied*, 411 U.S. 935, 93 S.Ct. 1911, 36 L.Ed.2d 396 (1973); *Chodos v.*

*F.B.I.*, 559 F.Supp. 69, 71–72 (S.D.N.Y.), *aff'd*, 697 F.2d 289 (2d Cir.1982), *and cert. denied*, 459 U.S. 1111, 103 S.Ct. 741, 74 L.Ed.2d 962 (1983). Moreover, to the extent a complaint alleges defamation claims, it should give defendants " 'sufficient notice of the communications complained of to enable [them] to defend [themselves].' " *Kelly v. Schmidberger*, 806 F.2d 44, 46 (2d Cir.1986) (quoting *Liquori v. Alexander*, 495 F.Supp. 641, 647 (S.D.N.Y.1980)). On its face, it is clear that plaintiff's Second Amended Verified Complaint does not meet this standard.

■ Plaintiff's Second Amended Verified Complaint is a montage of unsupported, vague and conclusory allegations that provide defendants with no adequate basis to discern the factual basis of her claims. Viewed in its best light, it contains little more than conclusory accusations of "oral, wire and electronic" eavesdropping, false imprisonment and defamation. Even after a careful review of the complaint, it is impossible to tell when any of the alleged conduct took place or in what manner defendants allegedly imprisoned plaintiff. Nor has plaintiff recited, paraphrased, or identified the alleged defamatory statements. Although this is a *pro se* action, and therefore is to be interpreted liberally by the Court, *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652, *reh'g denied*, 405 U.S. 948, 92 S.Ct. 963, 30 L.Ed.2d 819 (1972), and cannot be dismissed unless "plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief," *Dahlberg v. Becker*, 748 F.2d 85, 88 (2d Cir.1984) (citations omitted), *cert. denied*, 470 U.S. 1084, 105 S.Ct. 1845, 85 L.Ed.2d 144 (1985), plaintiff's complaint must still be dismissed accordingly.

Even assuming, *arguendo*, that the Second Amended Verified Complaint should not be dismissed for the reasons set forth above, 1) it is clear that it must also be dismissed because all of plaintiff's claims are time-barred; 2) plaintiff has failed to allege state action with respect to Count II as is required by 42 U.S.C. § 1983; 3) New York law does not recognize the common law tort of invasion of privacy as pleaded in Count III; and 4) plaintiff has failed to identify the alleged

defamatory words about which she is complaining.

With respect to the defendants' arguments that plaintiff's claims are all time-barred, the Second Amended Verified Complaint makes clear that the alleged acts occurred approximately eight years before plaintiff filed her original complaint. At paragraph 43, plaintiff alleges that "for 8 years she diligently tried to protect her legal rights, by trying to commence a timely action on all causes of action against the defendants...." Consistent with this allegation, in her first Amended Verified Complaint, at paragraph 6, plaintiff alleged that the acts complained of occurred in 1985. Therefore, the defendants argue, the Second Amended Complaint should be dismissed since the statute of limitations on each of plaintiff's claims is less than eight years.

The Court agrees. Count I, which alleges a private right of action for wiretapping under 18 U.S.C. § 2511, is governed by the two-year statute of limitations in 18 U.S.C. § 2520(e). The false imprisonment claim in Count II is governed by New York's one-year statute of limitations under N.Y.C.P.L.R. § 215(3) and the remaining § 1983 claims are governed by the C.P.L.R.'s three-year "catch-all" statute of limitations. *See* N.Y.C.P.L.R. § 214; *see also Owens v. Okure,* 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989). Plaintiff's invasion of privacy and defamation claims in Count II are also governed by N.Y.C.P.L.R.'s one-year statute of limitations. *See* N.Y.C.P.L.R. § 215(3).

Moreover, in her opposition papers, plaintiff does not deny that her claims arose in 1985 and are therefore time-barred. Instead, she argues that the doctrine of equitable tolling should apply because her claims were fraudulently concealed by the defendants. Both the Second Amended Verified Complaint and her papers in opposition to the motion to dismiss, however, are totally devoid of specific allegations that would support a claim of fraudulent concealment. Accordingly, the Court rejects plaintiff's equitable tolling argument.

■ The defendants are also correct in that Count II fails to allege any state action sufficient to sustain a claim under 42 U.S.C. § 1983. The defendant network and broadcast corporations are purely private entities. There are no allegations in the Second Amended Verified Complaint that the defendants have been clothed with official power, and private actors are not, without more, subject to suit under § 1983. *See Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 941–42, 102 S.Ct. 2744, 2755–56, 73 L.Ed.2d 482 (1982). Moreover, plaintiff has also failed to allege that the defendants conspired with any state actor. Unless private entities are "wilful participant[s] in joint activity with the state or its agents," they are not acting under color of state law as required to state a claim for relief under § 1983. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 152, 90 S.Ct. 1598, 1605–06, 26 L.Ed.2d 142 (1970). For both of these reasons, plaintiff's § 1983 claim fails.

■ The defendants are also correct that New York does not recognize the common law tort of invasion of privacy. *Howell v. New York Post Co.,* 81 N.Y.2d 115, 596 N.Y.S.2d 350, 354, 612 N.E.2d 699, 703 (1993). Indeed, the only right of privacy recognized under New York law is that created by § 50 of the New York Civil Rights Law, which provides that "a person ... that uses for advertising purposes ... the name, portrait or picture of any living person without having first obtained the written consent of such person ... is guilty of a misdemeanor." This statute creates no right to privacy other than protection from commercial misappropriation, *Davis v. High Soc. Magazine, Inc.,* 90 A.D.2d 374, 457 N.Y.S.2d 308, 312 (1982), which plaintiff does not allege. *See Freihofer v. Hearst Corp.,* 65 N.Y.2d 135, 490 N.Y.S.2d 735, 739, 480 N.E.2d 349, 352–53 (1985). Therefore, plaintiff's Count III must be dismissed.

■ Moreover, to the extent that plaintiff has made a claim of defamation, she has completely failed to identify with specificity the allegedly defamatory words as required by Fed.R.Civ.P. 9. Rather, plaintiff identifies the defamation only generally as being "of a highly offensive nature that any person of ordinary sensibilities would have been of-

fended at the disclosure, of such matters of a private nature, matters such as private relationships, nudiety [sic], and other personal relationships, such as her sexual proclivities." It follows that the claim of defamation must be dismissed. SAC ¶ 31.

Finally, in opposition to the motions to dismiss, plaintiff has requested leave to file a Third Amended Complaint. The defendants argue that plaintiff should be denied leave to file this complaint because the proposed amendments serve no useful purpose in correcting the deficiencies of the Second Amended Verified Complaint, *see Albany Ins. Co. v. Esses,* 831 F.2d 41, 45 (2d Cir. 1987), and because they are also legally insufficient to state a claim. *See Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962) (denial of leave to amend not abuse of discretion where amendment would be futile); *Health–Chem Corp. v. Baker,* 915 F.2d 805, 810 (2d Cir.1990) ("where . . . there is no merit in the proposed amendments, leave to amend should be denied").

■ After a review of the proposed amendments, the Court has determined that the only differences between the proposed Third Amended Verified Complaint and the Second Amended Verified Complaint are that the latest version drops plaintiff's § 1983 claim and alleges the remaining causes of actions with even less specificity than the Second Amended Verified Complaint did. Moreover, to the extent that plaintiff has attempted to correct the statute of limitations infirmity in the Second Amended Verified Complaint, in which plaintiff swore that "for 8 years she diligently tried to protect her legal rights," SAC ¶ 43, by not only dropping that language in the proposed complaint but also disavowing it and alleging instead that "[t]he defendants conspired to commint [sic] such acts . . . within the two year statue [sic] of limitation period," Proposed Third Amended Verified Complaint ¶ 5, plaintiff cannot abrogate her original verification. *See Contractor Utility Sales Co. v. Certain–Teed Products,* 638 F.2d 1061, 1084 (7th Cir.1981) (prior superseded pleadings admissible in civil action as evidentiary admissions but not conclusive judicial admissions). Even assuming, arguendo, that the proposed amendment might preclude a dismissal on the pleadings, it does not cure the other defects in the pleading which require dismissal. Therefore, permitting leave to amend would serve no purpose. Furthermore, in view of the previous admissions contained in the earlier Verified Complaints, a motion for summary judgment on grounds of limitations would in all likelihood be granted in any event. Accordingly, since plaintiff's proposed amendments do not cure any of the deficiencies that compel dismissal of the Second Amended Verified Complaint, the Court will not grant plaintiff leave to file the proposed Third Amended Complaint.

## CONCLUSION

For the reasons stated above, defendants' motions to dismiss shall be and hereby are granted. The Second Amended Verified Complaint is dismissed with prejudice. Plaintiff's application to file a Third Amended Complaint is denied. The Clerk of Court is directed to close the above-captioned action.

It is **SO ORDERED.**