Queen Esther JONES, Plaintiff,

v.

CAPITAL CITIES/ABC INC., WWOR–TV Inc., National Broadcasting Company, Inc., WPIX Inc., CBS Inc., WNYN–Fox 5, Innercity Broadcasting Company WBLS/WLIB, New York Telephone, their agents, employees, custodians, Broadcast Journalist, in their representative capacity, et al., Defendants.

No. 93 Civ. 2915 (JES).

United States District Court, S.D. New York.

Sept. 6, 1996.

Queen Esther Jones, Brooklyn, NY, pro se.

Bunin & Di Giulio, New York City (Christopher P. Di Giulio, of counsel), for Defendant ABC, Inc.

Muriel Henle Reis, New York City, for Defendant FOX TV Stations, Inc.

Douglas P. Pacobs, New York City, for Defendant CBS, Inc.

Gayle Chatilo Sproul, New York City, for Defendant NBC, Inc.

Lankenau, Kovner & Bickford, New York City (Victor A. Kovner, of counsel), for WWOR–TV Inc.

Neal S. Dobshinsky, Stuart S. Sherman, New York City, for Defendant NYNEX.

Sidley & Austin, New York City (Christopher J. McCaffery, of counsel), for Defendant WPIX Inc.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge.

For the reasons that follow, plaintiff *pro se*'s motion to vacate the judgment in the instant case pursuant to Fed.R.Civ.P. 60(b) is denied.

## BACKGROUND [1]

On May 3, 1993, plaintiff Queen Esther Jones, appearing *pro se*, filed a Verified Complaint against defendants Capital Cities/ABC Inc., WWOR–TV Inc., National Broadcasting Company, Inc., WPIX Inc., CBS Inc., WNYN–FOX 5, Innercity Broadcasting Company WBLS/WLIB, and New York Telephone (collectively, the "defendants"), which plaintiff superseded with a First Amended Verified Complaint filed on July 7, 1993, and a Second Amended Verified Complaint filed on October 15, 1993. *See Jones v. Capital Cities/ABC Inc.*, 874 F.Supp. 626, 627 (S.D.N.Y.1994).

In the Second Amended Verified Complaint ("SAC"), plaintiff asserted three claims against the defendant television networks and stations. *Id.* Count I made a claim for unlawful interception of plaintiff's oral, wire and electronic communications pursuant to 18 U.S.C. § 2511 (1988). *Id.* This Count was based on plaintiff's claim that the defendants "intercepted the plaintiff's oral, wire, and electronic communications" and made "disclosure of the contents of the plaintiff's communications ... to the public in bad faith, and ... without a facially valid court order or certification." SAC ¶¶ 7–8, 14.

Count II made a claim for false imprisonment and deprivation of plaintiff's constitutional rights pursuant to 42 U.S.C. § 1983. *See Jones*, 874 F.Supp. at 627. More specifically, plaintiff alleged that the defendants "confined the plaintiff after having been accused of several crimes" and that "the defendants [sic] confinement ... was never subsequent to a legal arrest, by taking the plaintiff before a legal authority or before a magistrate, and continues such conduct." SAC ¶¶ 16–18. Plaintiff then alleged that "the defendants intentionally deprived her of her fifth, fourth, sixth, eighth, and fourteenth [sic] amendment rights to the United States Constitution ... [and] are acting in the spirit of 42 U.S.C. § 1983." *Id.* ¶ 20.

Count III made a pendent state claim for invasion of privacy and defamation. *See Jones*, 874 F.Supp. at 628. Specifically, plaintiff alleged that defendants "intruded into the plaintiff's living quarters, mental and physical solitude and seclusion, and private matters." SAC ¶ 23. Plaintiff alleged that the intrusion included "ostentatious shadowing and surveillance of the plaintiff" and "interview[ing] associates, potential employers, from recorded telephone numbers, [which] would cause apprehension of the plaintiff, by casting aspersions, against the plaintiff's religious, political beliefs, and sexual proclivities." *Id.* ¶¶ 25–26. The defendants also allegedly "identified the plaintiff by name and picture with the embarrassing private facts that was [sic] true to the public." *Id.* ¶ 32.

By Memorandum Opinion and Order dated February 1, 1995, the Court dismissed the Second Amended Complaint pursuant to Fed.R.Civ.P. 12(b)(6) on several grounds. First, plaintiff failed to set forth a short and plain statement of relief. *See Jones*, 874 F.Supp. at 628. Second, plaintiff's claims were time-barred because each of the alleged acts occurred approximately eight years before plaintiff filed her original complaint, and the statute of limitations on each of her claims is less than eight years. *See id.* In addition, plaintiff failed to allege any state

---

1. The facts relevant herein, given briefly below, are set forth in greater detail in *Jones v. Capital Cities/ABC Inc.*, 874 F.Supp. 626 (S.D.N.Y.1995).

action sufficient to sustain a § 1983 claim. *See id.* Moreover, the Court dismissed plaintiff's claim for common law tort of invasion of privacy, which is not recognized under New York law. *See id.* Plaintiff's defamation claim was dismissed on the ground that she failed to identify with specificity the allegedly defamatory words, as required by Fed.R.Civ.P. 9. *See id.* at 629–30. Finally, the Court denied plaintiff's request for leave to file a proposed third amended complaint because the proposed amendments did not cure any of the deficiencies which compelled dismissal of the Second Amended Complaint. *See id.* at 630. On July 18, 1995, the Second Circuit dismissed plaintiff's appeal.

Pursuant to Fed.R.Civ.P. 60(b), plaintiff moves to vacate the judgment dismissing her Second Amended Complaint and to return this case to the "original judge." [2]

## DISCUSSION

Federal Rule of Civil Procedure 60(b) sets forth the grounds on which a district court, in its discretion, may grant relief from a final judgment. Rule 60(b) provides, in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party ... from a final judgment ... for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence ...; (3) fraud ..., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged ...; or (6) any other reason justifying relief from the operation of the judgment.

Fed.R.Civ.P. 60(b).

■ Plaintiff does not specify under which provision of Rule 60(b) she seeks to have the judgment set aside. However, plaintiff's motion, whether construed as asserting (1) mistake, inadvertence, surprise, excusable neglect, (2) newly discovered evidence, or (3) fraud, misrepresentation or misconduct of an adverse party, is untimely. A Rule 60(b) motion asserted on grounds (1), (2) or (3) must be made no more than one year after the judgment order was entered. *Id.* The instant action was dismissed on February 1, 1995. By Order dated February 16, 1996, the Court granted plaintiff's application for an extension of time to file a 60(b) motion until February 27, 1996. However, plaintiff filed her motion on February 29, 1996. Plaintiff alleged no basis upon which the Court could or should grant relief from her failure to file a timely motion.[3] As a result, plaintiff's motion construed under Rules 60(b)(1), (2) or (3) is time-barred. *See Hunter v. Citibank, N.A.,* 862 F.Supp. 902, 906 (E.D.N.Y.1994), *aff'd* 60 F.3d 810, *cert. denied,* —— U.S. ——, 116 S.Ct. 483, 133 L.Ed.2d 410 (1995).

■ Even assuming, *arguendo,* that her motion is timely, plaintiff fails to allege a colorable basis to set aside the judgment. The argument that judgment should be vacated because defendants have continued to conceal facts substantiating her claims is unavailing. Plaintiff asserts that defendants fraudulently concealed facts relevant to their alleged misconduct and therefore should have been estopped from asserting the statute of limitations as a defense. However, that argument was raised and rejected by the Court when it dismissed her pleading because plaintiff had failed to allege any facts which rationally supported an inference of fraudulent concealment. *See Jones,* 874 F.Supp. at 629. Because plaintiff makes no additional factual allegations supporting such an inference, she has not established any basis upon which this Court could set aside

---

**2.** The instant action was originally assigned to this Court and was never transferred. Therefore, plaintiff's motion to transfer to the "original judge" is denied.

**3.** The fact that plaintiff appealed from the judgment does not toll or enlarge the one year time limit. *See, e.g., Nevitt v. United States,* 886 F.2d 1187, 1188 (9th Cir.1989); *Moolenaar v. The*

*Virgin Islands,* 822 F.2d 1342, 1346 n. 5 (3d Cir.1987); *Egger v. Phillips,* 710 F.2d 292, 329 (7th Cir.), *cert. denied,* 464 U.S. 918, 104 S.Ct. 284, 78 L.Ed.2d 262 (1983); *Greater Boston Television Corp. v. FCC,* 463 F.2d 268, 280 (D.C.Cir. 1971), *cert. denied,* 406 U.S. 950, 92 S.Ct. 2042, 32 L.Ed.2d 338 (1972); *Transit Casualty Co. v. Security Trust Co.,* 441 F.2d 788, 791 (5th Cir.), *cert. denied,* 404 U.S. 883, 92 S.Ct. 211, 30 L.Ed.2d 164 (1971).

the judgment pursuant to Rule 60(b)(2) or (3). *See, e.g., United States v. Potamkin Cadillac Corp.,* 697 F.2d 491, 493 (2d Cir.), *cert. denied,* 462 U.S. 1144, 103 S.Ct. 3128, 77 L.Ed.2d 1379 (1983).

 Nor does plaintiff's motion warrant relief from judgment under Rule 60(b)(6), which has no specific time limit. This section may be invoked only when the asserted grounds for relief are not recognized . in clauses (1)—(5) of the rule and where there are extraordinary circumstances justifying relief or the judgment may work an extreme and undue hardship. *See Nemaizer v. Baker,* 793 F.2d 58, 63 (2d Cir.1986); *United States v. Cirami,* 563 F.2d 26, 32 (2d Cir. 1977). Because plaintiff's asserted grounds for relief are recognized in Rule 60(b)(2) and (3), and a one year time limit has been specifically included in that rule for them, plaintiff cannot avail herself of this provision to avoid that time bar. *See, e.g., Serzysko v. Chase Manhattan Bank,* 461 F.2d 699, 701 (2d Cir.1972); *United States v. Erdoss,* 440 F.2d 1221, 1223 (2d Cir.), *cert. denied, Horvath v. United States,* 404 U.S. 849, 92 S.Ct. 83, 30 L.Ed.2d 88 (1971).

 Moreover, the circumstances of this case are not so extraordinary as to warrant relief pursuant to Rule 60(b)(6). Before entering judgment, the Court afforded plaintiff three opportunities to amend her complaint and reviewed her proposed Third Amended Complaint for colorable claims. In doing so, the Court, mindful of its obligation to construe *pro se* pleadings liberally, *see Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972), afforded plaintiff more than ample opportunity to state a claim and dismissed only when it was clear that plaintiff could "prove no set of facts in support of [a] claim which would entitle [her] to relief." *Jones,* 874 F.Supp. at 629 (quoting *Dahlberg v. Becker,* 748 F.2d 85, 88 (2d Cir. 1984), *cert. denied,* 470 U.S. 1084, 105 S.Ct. 1845, 85 L.Ed.2d 144 (1985)).[4]

In the end, plaintiff's motion amounts to no more than dissatisfaction with the Court's ruling dismissing her case and does not therefore allege a basis to set aside the judgment. Plaintiff contends that she should have been afforded discovery in order to produce sufficient facts to state a claim for relief. However, "[t]he purpose of discovery is to find out additional facts about a well-pleaded claim, not to find out whether such a claim exists," *Stoner v. Walsh,* 772 F.Supp. 790, 800 (S.D.N.Y.1991), and a "defendant has the right ... to challenge the legal sufficiency of the complaint's allegations against him, without first subjecting himself to discovery procedures." *Greene v. Emersons, Ltd.,* 86 F.R.D. 66, 73 (S.D.N.Y.1980); *see also Speed Auto Sales, Inc. v. American Motors Corp.,* 477 F.Supp. 1193, 1195–96 (1979 S.D.N.Y.) (issue on 12(b)(6) motion is whether plaintiff states a claim and is therefore entitled to proceed with discovery).[5]

## CONCLUSION

For the reasons stated above, plaintiff *pro se*'s motion shall be and hereby is denied.

It is **SO ORDERED.**

---

4. Even if the Court were to construe her motion liberally as a collateral attack on the judgment for fraud upon the court under Rule 60(b), that claim would be untenable. An action to set aside the judgment for fraud upon the court, which has no specific time limit, is limited to "that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." *Serzysko v. Chase Manhattan Bank,* 461 F.2d 699, 701 (2d Cir.1972) (citations omitted); *Kupferman v. Consolidated Research & Mfg. Corp.,* 459 F.2d 1072, 1078 (2d Cir.1972).

5. Since the Court dismissed her Second Amended Complaint at the pleading stage, plaintiff's arguments that 1) defendants failed to present proof that there was no genuine issue of material fact and 2) the Court erred in overlooking "material facts with genuine issues," are inapposite.