SHUSTER, Plaintiff,

v.

**OPPELMAN, et al., Defendants.**

**No. 96 civ. 1689(JGK).**

United States District Court,
S.D. New York.

April 18, 1997.

Larry Shuster, Baldwin, for Plaintiff.

Mary Jo White, United States Attorney by Neil M. Corwin, Assistant United States Attorney, Southern District of New York, New York City, for Defendants.

KOELTL, District Judge:

The defendant, the Honorable Arthur D. Spatt, United States District Judge for the Eastern District of New York ("Judge Spatt"), moves to dismiss the plaintiff's amended complaint against him for failure to comply with the pleading requirements of Fed.R.Civ.P. 8, for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P.

12(b)(1), and for failure to state a claim upon which relief can be granted pursuant to Fed. R.Civ.P. 12(b)(6). The plaintiff, Larry Shuster, has opposed the defendant's motion to dismiss, and in the alternative, requested leave to amend his complaint again.

On May 10, 1996, the plaintiff, proceeding pro se, filed a four page handwritten amended complaint that names "A.D. Spatt" as one of numerous defendants. Although it is difficult to decipher, the plaintiff's handwritten complaint appears to allege that Judge Spatt engaged in ex parte communications in connection with a case pending before him in which Mr. Shuster was a plaintiff. The plaintiff alleges jurisdiction under diversity jurisdiction, various federal statutes involving interstate commerce, aircraft, and admiralty, as well as 42 U.S.C. §§ 1983 and 1985.

## I.

The defendant claims that the plaintiff's amended complaint does not meet the pleading requirements of Fed.R.Civ.P. 8.

Rule 8 requires that a complaint "shall contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The allegations in a complaint should be plain because the function of the pleadings is "to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." *Salahuddin v. Cuomo,* 861 F.2d 40, 42 (2d Cir.1988); *see also Jones v. Capital Cities/ABC, Inc.,* 874 F.Supp. 626, 628 (S.D.N.Y.1995). An inadequately pleaded complaint may take one of two forms: first, it may be so poorly composed as to be functionally illegible; and, second, it may be so baldly conclusory that it fails to give notice of the basic events and circumstances of which the plaintiff complains. *See Duncan v. AT & T Communications, Inc.,* 668 F.Supp. 232, 234 (S.D.N.Y.1987).

When a complaint does not comply with Rule 8, the district court has the authority to strike any immaterial portions, or to dismiss the complaint. *Salahuddin,* 861 F.2d at 42. When the court dismisses the complaint pursuant to Rule 8, it should gen-

erally grant leave to amend unless there are unusual circumstances such as where the substance of the claim pleaded is frivolous on its face. *See id.; see also Moorish Science Temple of America, Inc. v. Smith,* 693 F.2d 987, 990 (2d Cir.1982).

■ Even considering that the complaint of a pro se litigant should be held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972) (per curiam), and that it should "be liberally construed in his favor," *Simmons II v. Abruzzo,* 49 F.3d 83, 87 (2d Cir.1995), it is clear that the plaintiff's complaint fails to comply with Rule 8. The plaintiff's handwritten complaint is partially illegible, and it is not possible to decipher all of the plaintiff's allegations. To the extent that the complaint is legible, the plaintiff appears to seek damages from Judge Spatt for ex parte communications that allegedly occurred in a prior case pending before Judge Spatt. This allegation is, however, "baldly conclusory." The plaintiff does not identify the action in which the alleged ex parte communications occurred, when the alleged communications took place, with whom they took place, the content of the conversations, or the damage to the plaintiff caused by the conversations. The complaint, therefore, does not provide Judge Spatt with fair notice of the claim asserted against him.

## II.

■ Even if the amended complaint in this case satisfied the pleading requirements of Rule 8, it would still be dismissed for failure to state a claim and lack of subject matter jurisdiction because Judge Spatt is absolutely immune from suit in his personal capacity for alleged ex parte communications.[1]

■ As the Supreme Court explained: "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction, as this Court recognized when it adopted the doctrine...." *Pierson v. Ray,* 386 U.S. 547, 553–554, 87 S.Ct. 1213, 1217, 18 L.Ed.2d 288 (1967); *see Mireles v. Waco,* 502 U.S. 9, 11–13, 112 S.Ct. 286, 287–89, 116 L.Ed.2d 9 (1991) (per curiam); *Forrester v. White,* 484 U.S. 219, 225–28, 108 S.Ct. 538, 543–45, 98 L.Ed.2d 555 (1988). This immunity is from suit, and not just from an award of monetary damages. *Mireles,* 502 U.S. at 11, 112 S.Ct. at 288. The purpose of judicial immunity is to protect the public "whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." *Pierson,* 386 U.S. at 554, 87 S.Ct. at 1218 (internal citation omitted). Any errors made by a judge may be corrected on appeal, but a judge "should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption...." *Id.*

A judge must "be free to act upon his own convictions without apprehension of personal consequences to himself." *Mireles,* 502 U.S. at 10, 112 S.Ct. at 287 (quoting *Bradley v. Fisher,* 13 Wall. 335, 347, 20 L.Ed. 646 (1872)). Imposing the burden of potential liability on judges would result in intimidation, not in principled decision making. *Pierson,* 386 U.S. at 554, 87 S.Ct. at 1218.

■ There are only two exceptions to the doctrine of judicial immunity. *Mireles,* 502 U.S. at 11, 112 S.Ct. at 288. The first exception is when the activity in question is "non-judicial." *Id.* Whether an act is "judicial" relates to the nature of the act—whether it is a function normally performed by a judge—and to the parties expectations—whether they dealt with the judge in his judicial capacity. *Id.* at 12, 112 S.Ct. at 288. The second exception is when the activity, though judicial in nature, is taken in the complete absence of all jurisdiction. *Id.* The scope of jurisdiction must be construed

---

1. It appears that the plaintiff is suing Judge Spatt primarily in his personal capacity and that claim is barred by judicial immunity. To the extent that the plaintiff is attempting to sue Judge Spatt in his official capacity, as a representative of the United States, the claim would be barred by sovereign immunity which the government has not waived. *See, e.g., Federal Deposit Ins. Corp. v. Meyer,* 510 U.S. 471, 475, 114 S.Ct. 996, 1000, 127 L.Ed.2d 308 (1994); *Keene Corp. v. United States,* 700 F.2d 836, 845 n. 13 (2d Cir.), cert. denied, 464 U.S. 864, 104 S.Ct. 195, 78 L.Ed.2d 171 (1983).

broadly where the issue is the immunity of a judge. *Stump v. Sparkman,* 435 U.S. 349, 356, 98 S.Ct. 1099, 1104–05, 55 L.Ed.2d 331 (1978); *Green v. Maraio,* 722 F.2d 1013, 1016–18 (2d Cir.1983). Where jurisdiction over a general subject matter is vested by law in a judge, the manner in which he exercises this jurisdiction is subject to immunity. *See Stump,* 435 U.S. at 363 n. 12, 98 S.Ct. at 1108 n. 12 (Judge had jurisdiction over ex parte proceeding, even if he then proceeded erroneously.)

 The activity alleged in this case does not satisfy either of the two exceptions to judicial immunity. The ex parte communications were alleged to have been part of the process by which a judgment was obtained in the prior case. Ex parte communications by a judge are still "judicial" activities. *See Forrester,* 484 U.S. at 227, 108 S.Ct. at 544 ("... the informal and ex parte nature of a proceeding has not been thought to imply that an act otherwise within a judge's lawful jurisdiction was deprived of its judicial character."); *Stump,* 435 U.S. at 363 n. 12, 98 S.Ct. at 1108 n. 12 ("Courts and judges often act ex parte"); *Dellenbach v. Letsinger,* 889 F.2d 755, 761–2 (7th Cir.1989) (The ex parte nature of an activity "does not, without more, transform that communication into a nonjudicial act.") Moreover, Judge Spatt plainly had jurisdiction to decide issues in civil lawsuits that came before him such as the prior litigation alleged in this case. Therefore, this is not a case of a complete lack of jurisdiction.

If any alleged ex parte communications between Judge Spatt and other named defendants occurred, Judge Spatt still remains absolutely immune from suit. The plaintiff has therefore failed to state any non-frivolous claim or any rational argument for liability. The amended complaint therefore should be dismissed under Rule 8. The complaint should also be dismissed for failure to state a claim because it is apparent beyond doubt that the plaintiff can plead no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46,

78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Green,* 722 F.2d at 1016. Leave to amend should be denied because any such amendment would be futile. *See, e.g., Acito v. IMCERA Group, Inc.,* 47 F.3d 47, 54 (2d Cir.1995).[2]

### CONCLUSION

For the reasons stated above, the defendant's motion to dismiss is granted. The plaintiff's amended complaint is dismissed with prejudice against Judge Spatt, and the plaintiff's request for leave to amend the complaint again is denied.

**SO ORDERED.**

---

**2.** It is unnecessary to reach the question of whether Judge Spatt was properly served with

process.