12-0958-cv
Buffalo Teachers Fed'n v. Tobe

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York the 18th day of March, two thousand thirteen.

Present:     GUIDO CALABRESI,
            ROSEMARY S. POOLER,
            REENA RAGGI,
                 *Circuit Judges.*

_____

BUFFALO TEACHERS FEDERATION, BUFFALO COUNCIL
OF SUPERVISORS AND ADMINISTRATORS, AFSCME
LOCAL 264, PROFESSIONAL CLERICAL AND TECHNICAL
EMPLOYEES ASSOCIATION,

                 *Plaintiffs-Appellants-Cross-Appellees*,

             -v-                                              12-0958-cv

RICHARD TOBE, THOMAS E. BAKER, ALAIR TOWNSEND,
H. CARL MCCALL, JOHN J. FASO, JOEL A. GIAMBRA,
ANTHONY MASIELLO, MAYOR, RICHARD A. STENHOUSE,
ROBERT G. WILMERS, IN THEIR OFFICIAL CAPACITIES AS
DIRECTORS/MEMBERS OF THE BUFFALO FISCAL STABILITY
AUTHORITY CONTROL BOARD,

                 *Defendants-Appellees*,

CITY OF BUFFALO, BOARD OF EDUCATION FOR THE CITY
SCHOOL DISTRICT OF THE CITY OF BUFFALO,

                 *Appellees-Cross-Appellants.*[*]

_____

_____

[*] The Clerk of the Court is directed to amend the caption as set out above.

Appearing for Appellants:    Andrew Dean Roth (Laurence Gold, *on the brief*), Bredhoff &
                              Kaiser PLLC, Washington, DC

Appearing for Appellees:     A. Vincent Buzard (Laura W. Smalley, *on the brief*), Harris Beach
                              PLLC, Pittsford, NY

   Appeal from the United States District Court for the Western District of New York
(Skretny, *J.*).

   **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,
AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

   Plaintiffs-Appellants, the Buffalo Teachers Federation, the Buffalo Council of
Supervisors and Administrators, AFSCME Local 264, and the Professional Clerical and
Technical Employees Association (the "Unions") seek review of a decision and order of the
district court denying their Fed. R. Civ. P. 60(b) motion for relief from judgment, entered on
February 10, 2012.  We assume the parties' familiarity with the underlying facts, procedural
history, and specification of issues for review.

   This Court reviews decisions on Rule 60(b) motions for abuse of discretion.  *Motorola
Credit Corp. v. Uzan*, 561 F.3d 123, 126 (2d Cir. 2009).  Rule 60(b) is "a mechanism for
'extraordinary judicial relief' invoked only if the moving party demonstrates 'exceptional
circumstances.'"  *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (citation
omitted).  A district court's determination that a Rule 60(b) motion is untimely remains subject
to this abuse of discretion standard.  *See, e.g.*, *Maduakolam v. Columbia Univ.*, 866 F.2d 53, 56
(2d Cir. 1989) (reviewing denial of Rule 60(b) motion based on timeliness for abuse of
discretion).

   The Unions argue that the Buffalo Fiscal Stability Authority ("BFSA") misstated the
impact that lifting the wage freeze would have on salary increases in the initial litigation before
the district court, challenging the constitutionality of the state law creating the BFSA in response
to the fiscal crisis in the City of Buffalo.

   There are two possible clauses under Rule 60(b) that might apply to this case: 60(b)(3)
and the residual clause, 60(b)(6).

   "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1),
(2), and (3) no more than a year after the entry of the judgment or order or the date of the
proceeding."  Fed. R. Civ. P. 60(c).  This one-year limitations period is "absolute," *Warren v.
Garvin*, 219 F.3d 111, 114 (2d Cir. 2000), and is not tolled by the filing of other litigation, *see,
e.g.*, *Jones v. Capital Cities/ABC Inc*., 168 F.R.D. 477, 479 n.3 (S.D.N.Y. 1996).  The Unions
brought their Rule 60 motion many years after the judgment they seek to reopen.  Accordingly,
Rule 60(b)(3) is not available to them.

"A motion under Rule 60(b) must be made within a reasonable time." Fed. R. Civ. P. 60(c). This limitation applies to the residuary clause, Rule 60(b)(6). Because the motion in this case was not brought within a reasonable time after the Unions learned of the possible basis for their motion, we need not decide whether Rule 60(b)(6) might have been available to them notwithstanding the fact that the relief sought, based upon a misrepresentation by the BFSA, appears to be covered under Rule 60(b)(3). *Cf. United Airlines, Inc. v. Brian*, 588 F.3d 158, 175 (2d Cir. 2009). As the Rule 60(b) motion was brought many years after the entry of judgment—well beyond the one-year period under Rule 60(b)(3) and well beyond any period that would be reasonable under Rule 60(b)(6)—we conclude that the district court did not abuse its discretion by denying relief. As such, we also affirm the district court's denial of intervention as moot.

We have considered the Unions' remaining arguments and find them to be without merit. Accordingly, the decision and order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3