Jerry L. TOMS, Plaintiff,

v.

Dave PIZZO, The Pizzo Enterprise, Maury Torrey, Robert Gates, Richard Bradley and Eastman Kodak Co., Defendants.

No. 97–CV–6420L.

United States District Court, W.D. New York.

April 9, 1998.

**180**

Jerry L. Toms, Rochester, NY, pro se.

Fred G. Aten, Jr., Rochester, NY, for Defendants.

### DECISION AND ORDER

LARIMER, Chief Judge.

Jerry Toms, *pro se*, asserts a variety of claims against defendants arising out of his relationship as an independent contractor with Kodak. Three motions are pending before me: defendants' motion to dismiss; plaintiff's motion to amend the complaint; and plaintiff's motion to disqualify the defendants' attorney. For the reasons set forth below, the defendants' motion is granted and both of the plaintiff's motions are denied.

### BACKGROUND

The facts, as alleged in Toms' complaint, appear to be as follows. In 1994 Toms was retained by Kodak, as an independent contractor, to produce video training materials. Toms alleges that defendant Pizzo and other defendants (whom he refers to as the Pizzo group), all of whom were Kodak employees, conspired to utilize Toms' expertise for their own business advantage. Specifically, Toms alleges that pursuant to his contract with Kodak he leased space for the purpose of providing his services under the contract, and that Pizzo, as agent for Kodak, instructed him to do a number of extra tasks and use additional Kodak equipment, none of which was authorized by Kodak. Kodak allegedly refused to pay Toms for the extra work.

Toms further claims that members of the Pizzo group pressured and threatened him, and then conspired with Kodak to steal Toms' trade secrets and his best employee (Greg Short) so that they could do the work Toms was doing, and then terminate Toms' contract.

Finally, Toms claims that the Pizzo group and Kodak threatened him with disparaging statements about his wife (thus "stressing him out" so badly he could not work) and also made disparaging statements about him to his wife, thus causing her to mistrust him which led to the demise of their marriage.

As the result of all these events, Toms claims that his business suffered and he was forced to sell the majority of his stock in his wholly owned company at a significant loss.

Later, in 1995, Toms sought employment through a temporary employment agency. Toms again was hired by Kodak, through this agency, to do certain work as an automated machine technician. Toms claims that he was working satisfactorily, and on the verge of receiving an offer of permanent employment, when he suddenly and wrongfully was terminated in September 1996. The reason for his termination is unclear, but Toms makes additional allegations about being wrongfully accused of stealing gold (this following an unannounced search of his locked desk), and being wrongfully accused of inappropriate use of the e-mail system.

Finally, in October 1996, Toms had applied for and was on the verge of being offered yet another position at Kodak when he claims that certain members of the Pizzo group learned of his application and said disparaging and slanderous things about him. This, according to Toms, resulted in the offer being revoked.

Toms sets forth eleven causes of action in his complaint. While Toms' descriptions are sometimes imprecise, his claims can best be described as follows: 1) breach of contract; 2) violation of the Racketeer Influenced And Corrupt Organizations Act, 18 U.S.C. § 1961, et seq. ("RICO"); 3) breach of con-tract/promises; 4) violation of the Fourth Amendment—invasion of privacy; 5) violation of the Fourth Amendment—illegal search and seizure; 6) conspiracy to commit fraud, disparagement, slander; 7) violation of federal copyright law; 8) slander/interference with employment/unlawful termination; 9) breach of promise; 10) conversion of intellectual property; 11) violation of federal copyright law.

### DEFENDANTS' MOTION

Defendants Kodak, Torrey and Pizzo[1] move to dismiss the complaint for lack of subject matter jurisdiction, insufficient service of process, and failure to state a claim upon which relief can be granted, pursuant to F.R.C.P. 12(b)(1), (5), and (6).

### A. Motion to Dismiss

In ruling on a motion to dismiss, the court must accept the factual allegations of the complaint as true and construe all reasonable inferences in plaintiffs favor. *Gant v. Wallingford Bd. of Educ.*, 69 F.3d 669, 673 (2d Cir.1995). A court should not dismiss a complaint under Fed.R.Civ.P. 12(b)(6) unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Branham v. Meachum*, 77 F.3d 626, 628 (2d Cir.1996). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Further, where, as here, a *pro se* complaint is involved, the court should construe it liberally and hold it to " 'less stringent standards than formal pleadings drafted by lawyers.' " *Hughes v. Rowe*, 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)).

---

1. Defendants' motion originally was brought by Kodak and Torrey only, because they were the only defendants who had been served at the time. Later, after being served, Pizzo joined in the original motion. While technically two motions are pending (docket # 's 4 and 11) I will treat them as one.

### B. *Failure to State a Claim and Lack of Subject Matter Jurisdiction*

Of the eleven causes of action set forth in the complaint, there are only five federal claims: RICO, two copyright claims, and two Fourth Amendment claims. Defendants assert that none of these federal claims can be sustained. Defendants also assert that there is no diversity between Toms and the defendants. Thus, in the absence of a sustainable federal claim, only state claims would remain and without diversity, no subject matter jurisdiction would exist. Accordingly, defendants move to dismiss the complaint in its entirety.

### (1) RICO:

RICO was enacted in part to eliminate infiltration of organized crime and racketeering activities into legitimate businesses. *See Yellow Bus Lines, Inc. v. Drivers, Chauffeurs & Helpers Local Union 639*, 913 F.2d 948, 954 (D.C.Cir.1990) (citing legislative history). It was not intended to reach "every act of corruption or petty crime committed in a business setting...." *Id.* Rather, it was intended to address long-term criminal activity such as the use of force, threats, enforcement of illegal debts, and corruption, in the operation of a business. *Id., cited in Buck Creek Coal, Inc. v. United Mine Workers of America*, 917 F.Supp. 601, 608–609 (S.D.Ind. 1995).

In order to state a RICO claim, a plaintiff must allege (1) a violation of the RICO statute, 18 U.S.C. § 1962; (2) an injury to business or property; and (3) that the injury was caused by the violation of § 1962. *See Pinnacle Consultants, Ltd. v. Leucadia Nat'l Corp.*, 101 F.3d 900, 903–04 (2d Cir. 1996). In order to establish a violation of § 1962, a plaintiff must prove, *inter alia*, a "pattern of racketeering activity." *Id.* (citing 18 U.S.C. § 1962).

"Racketeering activity includes the commission of specified state-law crimes, conduct indictable under various provisions within Title 18 of the United States Code, including mail and wire fraud, and certain other federal offenses."[2] *Id.* In order to prove a pattern, there must be at least two related predicate acts within a ten-year period and they must amount to, or pose a threat of, continuing criminal activity. *GICC Capital Corp. v. Technology Finance Group, Inc.*, 67 F.3d 463, 465 (2d Cir.1995) (citing 18 U.S.C. § 1961(5)), *cert. denied*, 518 U.S. 1017, 116 S.Ct. 2547, 135 L.Ed.2d 1067 (1996).

Defendants assert that Toms' RICO claim cannot be sustained because he has failed to assert and cannot assert two predicate acts that are "related" and pose a threat of continuing criminal activity. In his complaint, Toms refers vaguely and without specificity to the following acts of defendants: pressure and threats to provide more services; luring away a key employee; refusing to pay submitted invoices; and making disparaging comments about him and his wife. Defendants assert that none of these allegations is sufficient to constitute racketeering activity within the meaning of 18 U.S.C. § 1961(1). I agree.

In response, Toms attempts to expand upon and specify additional actions by defendants which he alleges are sufficient predicate acts. Toms attempts to establish that defendants have engaged in patterns of racketeering activity by listing numerous bad acts including embezzlement, use of force and threats of use of force, tampering with witnesses, theft of property, extortion used to extract additional services, slander, disparagement, intimidation, harassment, fraud, conspiracy, receipt of stolen goods, unlawful termination, wire fraud, unjust enrichment, conversion, theft of trade secrets, counterfeiting, and unfair competition. *See, e.g.*, Toms' Affirmation (signed 11/10/97) at ¶¶ 3, 10; Toms Initial Response Pro Se to Motion to Dismiss (filed 10/28/97) at ¶¶ 24, 65. Toms also alleges that because Kodak is powerful and holds all the information, he cannot adequately specify predicate acts for RICO pur-

---

2. The offenses under state law include murder, kidnapping, gambling, arson, robbery, bribery, extortion, or drug offenses. The federal offenses include, *inter alia*, bribery, counterfeiting, embezzlement from pension and welfare funds, extortion, fraud, and obstruction of criminal investigations and law enforcement. *See* 18 U.S.C. § 1961(1).

poses until he has further discovery. Initial Response Pro Se to Motion to Dismiss at ¶ 8.

■ Toms' attempt to satisfy the RICO pleading requirements simply by reiterating a laundry list of predicate acts found in the statute or case law will not suffice. *See Buck Creek Coal, Inc.*, 917 F.Supp. at 611 ("Boilerplate allegations which essentially restate the elements of a claim, without any factual support for each element, are insufficient"). Moreover, while this Court must give "substantial leeway to pro se litigants"—*Gomes v. Avco Corp.*, 964 F.2d 1330, 1335 (2d Cir. 1992)—it need not accept any litigant's legal conclusions. *See Jenkins v. Sea–Land Service, Inc.*, 1994 WL 445642, *5 (S.D.N.Y. Aug. 17, 1994). Thus, even a *pro se* pleading must contain "factual allegations sufficient to state a claim upon which relief may be granted." *Id.* Here, Toms does little more than provide a list of crimes which he claims applies, without any factual basis to support them.

■ Additionally, as noted, to constitute predicate acts for racketeering purposes, the acts must be certain specified crimes. Many of the alleged acts cited by Toms are not the correct type for purposes of a RICO predicate. Unlawful termination, harassment, conversion, trade secret theft, slander, disparagement, and unjust enrichment are not predicate acts for purposes of showing a pattern of racketeering.

After reviewing all the evidence I find that Toms has failed to assert any predicate acts sufficient to establish a pattern of racketeering activity. Only some of Toms' laundry list of allegations even merits discussion.

● **Theft/Embezzlement**

■ Toms alleges that members of the Pizzo group committed theft and embezzlement through their unauthorized use of certain Kodak equipment (a Kodak XL 7700 dye sublimation Color Printer and a Tektronix Model 2465 DVS Special Edition 300 MHZ Oscilloscope) for their own purposes. This, he asserts, constitutes a pattern of racketeering activity under 18 U.S.C. § 1961. I disagree. As an initial matter, simple theft is not one of the crimes constituting a predicate act for purposes of establishing a pattern of racketeering activity. *See* 18 U.S.C. § 1961; *see also United States v. Napoli*, 54 F.3d 63, 68 (2d Cir.1995) (finding that theft is "neither a federal crime listed in [18 U.S.C. §§ ] 1956 and 1961, nor one of the state-law offenses that constitute RICO predicate acts"). Moreover, the alleged acts of theft did not injure Toms. Even if it is true that the Pizzo group utilized Kodak equipment without authorization for their own purposes, this "theft" did not harm Toms. Rather, it is the alleged failure of the Pizzo group to share the benefits of their unauthorized use with Toms that he protests. Thus, Toms allegations of theft do not constitute predicate acts for RICO purposes. *See S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985) (A plaintiff has standing to sue under RICO only if his business or property has been injured by specified predicate acts, and may recover only to the extent that he has been injured by the conduct constituting the violation).

■ Nor do these acts constitute embezzlement for purposes of establishing a pattern of racketeering activity. Embezzlement is a predicate act only when it involves embezzlement of labor union funds under 29 U.S.C. § 501(c), or welfare or pension funds under 18 U.S.C. § 664. *See* 18 U.S.C. § 1961(1)(B), (C). "Embezzlement" of corporate property as alleged by Toms does not suffice.

● **Extortion/Use of Force/Threats**

Toms claims related to extortion, threats, and use of force appear to involve demands by Kodak employees for more of Toms' services than he believes he was obliged to provide under his contract. *See, e.g.,* Complaint at ¶ 60 (Pizzo required Toms' employee to work excessive overtime); Initial Response at ¶ 43 (p. 20) (Pizzo used threats of economic pressure to force Toms to perform more work than contracted for). Toms also alleges that defendants were attempting to ruin his business. Complaint at ¶ 71 (Pizzo used threats of economic interference, and threats of using "the large Industrial Giant known as Eastman Kodak Company" to put Toms out of business while acquiring his trade secrets).

■ Extortion is defined as the "obtaining of property from another, with his consent, induced by the wrongful use of actual or threatened force, violence or fear, or under color of official right." 18 U.S.C. § 1951(b)(2). Extortion requires that the defendant use the above means to obtain money or property to which he has no lawful claim. *See O'Malley v. New York City Transit Authority,* 896 F.2d 704, 708 (2d Cir. 1990); *see also Center Cadillac Inc. v. Bank Leumi Trust Co.,* 859 F.Supp. 97, 105 (S.D.N.Y.1994), *aff'd,* 99 F.3d 401 (2d Cir. 1996).

■ Allegations concerning the scope of Toms' contractual obligations cannot suffice as predicate acts under RICO because they involve only what appears to be a disagreement concerning what Toms' obligations were. As such, if they amount to anything, they are little more than breach of contract claims. *See O'Malley,* 896 F.2d at 709 (disagreement whether defendant was entitled to repayment of alleged workers compensation benefit overpayments does not constitute extortion). Moreover, use of "economic leverage" in an ordinary commercial negotiation (also known as hard bargaining) does not constitute extortion. *See Center Cadillac Inc.,* 859 F.Supp. at 105 ("the use of economic fear as leverage to drive a hard bargain in an ordinary commercial relationship will not support a RICO claim based on extortion.") (citations omitted).

■ Finally, theft of services, as opposed to property, does not constitute extortion. *See* 18 U.S.C. § 1951(b)(2) (extortion means obtaining property from another, with his consent, induced by the wrongful use of force, violence or fear); *see also United States v. Delano,* 55 F.3d 720, 727 (2d Cir. 1995) (larceny by extortion, which requires the theft of property, "cannot be premised on the theft of a service"). Thus, Toms' claims of extortion, threats, and use of force fail to qualify as predicate acts under RICO.

● **Fraud/Wire Fraud**

■ Toms appears to suggest that the defendants committed fraud and/or wire fraud when they offered employment to one of Toms' employees—Greg Short. This allegation fails to qualify as a predicate act for at least two reasons: not only has Toms failed to meet the requirements of Fed.R.Civ.P. 9(b) (there is no indication of the content, date, and place of any alleged wire fraud) but there is no suggestion that any false statements were made in the communications. In fact, it appears that Kodak offered Short a position, and he accepted it. To be sure, no employer likes to see their best employee hired away by another, but that does not transform the communication between Kodak and Short into fraud or wire fraud.

● **Counterfeiting**

■ Toms' allegations regarding counterfeiting fail to establish a pattern of racketeering activity as a matter of law. Toms alleges that defendants created counterfeit copies of his video work and then passed them off as their own. This is not counterfeiting—it is more in the nature of copyright infringement (discussed, *infra*). Moreover, counterfeiting for purposes of RICO must involve the counterfeiting of United States obligations or other securities (*see* 18 U.S.C. §§ 471, 472, 473) or trafficking in counterfeit labels (*see* 18 U.S.C. §§ 2318, 2319, 2320). *See* 18 U.S.C. § 1961(1)(B). This is not what Toms has alleged to have occurred. Thus, Toms' allegations concerning defendants' "counterfeiting" his videos does not constitute a predicate act for purposes of RICO.

● **Witness Tampering**

Allegations that defendants engaged in witness tampering or any other act obstructing justice simply have no basis in fact. There is no factual reference whatsoever supporting or explaining these allegations. Thus, I reject Toms' attempt to attribute such actions to the defendants.

● **Continuity**

■ Even if he had adequately established two predicate acts, however, I find that Toms cannot establish continuity, as required under the law. *See GICC Capital Corp.,* 67 F.3d at 465 (predicate acts must be related and "amount to, or pose a threat of, continuing criminal activity"). Because

Toms' alleged RICO injury was the destruction of his business, which occurred in 1994 or early 1995, the continuity requirement in this case is, by definition, "closed ended." *Id.* at 466. Closed ended continuity generally requires a duration of unlawful activity extending well beyond one year. *Id.* at 467–468 (citing cases). And while "an approach giving such weight to the duration of criminal activities alleged in connection with a closed-ended pattern of racketeering activity is undoubtedly somewhat mechanistic, [the Second Circuit has found it necessary] to effectuate Congress's intent to target 'long-term criminal conduct.'" *Id.* at 468 (citing *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 242, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989)). Here, Toms' allegations of unlawful conduct related to his RICO claim extend for roughly one year. This is insufficient to establish 'continuity' as required under the law.

Accordingly, for all these reasons, I find that Toms' RICO claim must be dismissed.

### (2) Copyright Claims:

 Defendants also move to dismiss Toms' seventh cause of action, for wrongful publication of confidential e-mail messages, and his eleventh cause of action, for wrongful use of Toms' video materials without paying for them. Defendants allege that these claims do not constitute causes of action under the federal copyright laws because Toms has failed to demonstrate that he possesses a registered copyright in either the e-mail messages or his video product. I agree. Subject to certain exceptions not applicable here, a plaintiff must register his copyright prior to

3. I decline to opine whether Toms e-mail communications would be subject to any copyright protection as a matter of law.

Additionally, I note that Toms' allegation concerning defendants' use of his video materials is more in the nature of a breach of contract claim than a copyright claim. Toms' concern is not that defendants wrongfully are enriched by using his product without his knowledge or permission but, rather, that defendants wrongfully are enriched by using his product without paying him for it, pursuant to the terms of their contract.

4. Because I grant defendants' motion on Fed. R.Civ.P. 12(b)(1) and (6) grounds, it is unnecessary for me to consider defendants' arguments

instituting a copyright infringement action. *See* 17 U.S.C. § 411(a). Doing so is a jurisdictional prerequisite to maintaining such a federal claim. *See Whimsicality, Inc. v. Rubie's Costume Co. Inc.*, 891 F.2d 452, 453 (2d Cir.1989) ("proper registration is a prerequisite to an action for infringement"); *see also Carter v. Helmsley–Spear, Inc.*, 861 F.Supp. 303, 331 (S.D.N.Y.1994), *aff'd in pertinent part*, 71 F.3d 77 (2d Cir.1995). Thus, because Toms has failed to demonstrate copyright registration of either his e-mails or his video materials, his copyright infringement causes of action are dismissed.[3]

### (3) Search and Seizure/Invasion of Privacy:

 Finally, defendants move to dismiss Toms' search and seizure/invasion of privacy claims. These federal claims cannot be sustained because they are actionable only against a state actor, pursuant to 42 U.S.C. § 1983. Toms does not allege participation by any individual acting under color of local, state or national law. Thus, these claims must be dismissed, as well.

### (4) State Claims:

In the absence of Tom's federal claims, only his state law claims remain. Because no diversity jurisdiction exists—*see* 28 U.S.C. § 1332(a)—I decline to exercise supplemental jurisdiction over those claims. 28 U.S.C. § 1367(c)(3). Thus, defendants' motion to dismiss is granted and the complaint is dismissed in its entirety.[4]

concerning improper service of process pursuant to Fed.R.Civ.P. 12(b)(5).

Additionally, I note that two defendants did not join this motion (allegedly because they had not yet been served). Recently, Toms filed a certificate of service setting forth his efforts to effect service of process upon these last two defendants (Robert Gates and Richard Bradley). Defendants apparently challenge the sufficiency of Toms' service attempt.

It is unnecessary for me to address the validity of service. Because Toms' pleading deficiencies apply equally to all defendants (movants or not, served or not), the complaint is dismissed in its entirety, as to all defendants.

### C. Dismissal With Prejudice

█ I have discretion to grant leave to amend, but in this case I decline to do so. *See Azurite Corp. v. Amster & Co.*, 52 F.3d 15, 19 (2d Cir.1995). There is no indication whatsoever in all of Toms' voluminous submissions that a valid RICO claim may exist. No matter how configured or described, Toms' allegations simply do not provide a possible basis for a RICO claim. Further, Toms' copyright and Fourth Amendment claims are dismissed as a matter of law. Absent registration, and absent a state actor, the copyright and Fourth Amendment claims cannot be sustained. Thus, on these facts, any attempt to replead those claims would be futile. Accordingly, Toms' complaint is dismissed with prejudice. *See Platsky v. Central Intelligence Agency*, 953 F.2d 26, 28 (2d Cir.1991) (leave to amend need not be granted where it is certain that the complaint contains "no set of facts ... which would entitle [the plaintiff] to relief"); *see also Woodard v. Hardenfelder*, 845 F.Supp. 960, 969 (E.D.N.Y.1994) ("leave to file an amended complaint is only appropriate when, based on the plaintiff's first complaint, it is conceivable that an amended complaint could state a cause of action.....")

█ For the same reasons, Toms' motion to amend his complaint following the completion of discovery is denied. Because his complaint is dismissed in its entirety, there will be no discovery and any attempt to amend based thereon must fail. Moreover, even if his motion were treated as a request for discovery prior to dismissal of his complaint, it must be denied. Toms has failed to alleged facts sufficient to support a colorable federal claim. To permit him to engage in discovery in the hopes of finding information sufficient to substantiate these claims would be entirely unfair. "The purpose of discovery is to find out additional facts about a well-pleaded claim, not to find out whether such a claim exists." *Stoner v. Walsh*, 772 F.Supp. 790, 800 (S.D.N.Y.1991), *cited in,*

*Jones v. Capital Cities/ABC Inc.*, 168 F.R.D. 477, 480 (S.D.N.Y.1996). Thus, Toms' motion to amend his complaint following discovery in denied.

### PLAINTIFF'S MOTION TO DISQUALIFY ATTORNEY ATEN

█ Toms moves to disqualify Fred G. Aten, Esq. from representing Pizzo and Kodak. Toms asserts that Kodak and Pizzo have conflicting interests in this litigation which compel Aten's disqualification from representing them both. I disagree. Toms cites no case holding that a single attorney may not represent a corporation as well as current or former employees in circumstances such as these. The cases Toms relies upon are factually inapposite—*e.g.*, criminal cases where the government sought to disqualify a defense attorney because the attorney also represented other defendants in the same alleged conspiracy, or had an attorney-client relationship with one of the government's witnesses. This case is not the same.

Pizzo has represented by declaration that he understands all issues regarding joint representation and that he desires Aten to continue to represent him. This is sufficient. Unless one of the defendants themselves perceives a conflict of interest and desires separate representation, this Court will not force them to obtain separate counsel.[5]

Toms' motion to disqualify is denied.

### CONCLUSION

For all the above reasons, defendants' motions (# s 4, 11) are hereby GRANTED and plaintiff's motions (# s 15, 17) are DENIED. The complaint is dismissed in its entirety, with prejudice.

IT IS SO ORDERED.

---

5. Toms further alleges that the "Pizzo Group attorney" has encouraged his clients and Kodak employees to say defamatory things about Toms, in furtherance of the alleged RICO conspiracy. Toms seeks to amend his complaint to add the attorney and his law firm as defendants in this action, and also seeks a restraining order against their actions. Toms' requests are denied. These hearsay allegations concerning alleged attorney-client communications cannot constitute predicate acts for RICO purposes.