Dianne Renee VERBJAR, et al. Plaintiff,

v.

The CITY OF ROCHESTER, Defendant.

Eula Dozier, et al., Plaintiff,

v.

The City of Rochester, Defendant.

Dianne Renee Verbjar, et al., Plaintiffs,

v.

The City of Rochester, Defendant.

Kenneth P. Weitzel, et al., Plaintiffs,

v.

The City Of Rochester, Defendant.

James Mason, et al., Plaintiff,

v.

The City of Rochester, Defendant.

Eric Lovett, Plaintiff,

v.

The City of Rochester, Defendant.

Andrew J. Cardot, et al., Plaintiffs,

v.

The City of Rochester, Defendant.

Blondean McGee, et al., Plaintiffs,

v.

The City of Rochester, Defendant.

Edward Race, Plaintiff,

v.

City of Rochester, Defendant.

Richard Lochner, Plaintiff,

v.

The City of Rochester, Defendant.

Nos. 04–CV–6103L, 04–CV–6120L, 04–CV–6171L, 04–CV–6206L, 04–CV–6270L, 04–CV–6286L, 04–CV–6287L, 04–CV–6310L, 04–CV–6410L, 04–CV–6588L.

United States District Court, W.D. New York.

March 24, 2005.

Dianne Renee Verbjar, Rochester, NY, pro se.

Steve Teremy, Fairport, NY, pro se.

Gene Fausette, Rochester, NY, pro se.

Eula Dozier, Rochester, NY, pro se.

Jeff Hoffmann, Rochester, NY, pro se.

Larry Weekes, Rochester, NY, pro se.

Kenneth P. Weitzel, Rochester, NY, pro se.

John M. Simpson, III, Churchville, NY, pro se.

James Mason, Rochester, NY, pro se.

Eric Lovett, Rochester, NY, pro se.

Veronica Smith, Rochester, NY, pro se.

Gail Clein, Rochester, NY, pro se.

Angel Benitez, Rochester, NY, pro se.

Charles E. Wells, Rochester, NY, pro se.

Donald Wyatt, Rochester, NY, pro se.

Jeffery Willard, Rochester, NY, pro se.

William Hunt, Rochester, NY, pro se.

Leslie Bruce, Rochester, NY, pro se.

Mitchell Perry, Rochester, NY, pro se.

Dennis Mayor, Rochester, NY, pro se.

Dinah Tisdale, Rochester, NY, pro se.

Norma Murry, Rochester, NY, pro se.

Andrew J. Cardot, Rochester, NY, pro se.

Jan P. Cardot, Rochester, NY, pro se.

Blondean McGee, Rochester, NY, pro se.

Diane Johnson, Rochester, NY, pro se.

Richard Lochner, Rochester, NY, pro se.

Igor Shukoff, City of Rochester Law Department City Hall, Rochester, NY, for Defendant.

## DECISION AND ORDER

LARIMER, District Judge.

These ten cases have all been brought by *pro se* plaintiffs against the City of Rochester ("the City"), alleging that the City has violated plaintiffs' constitutional rights and New York State law in a number of respects. In short, all the plaintiffs are or were owners of real property in Rochester, and have been charged by the City with causing or allowing public nuisances to exist or occur at their respective properties. Plaintiffs allege that the activities of the City's Municipal Code Violations Bureau are unlawful and have violated plaintiffs' rights in various ways. The City has moved for summary judgment in

all these cases. For the following reasons, the City's motions are granted.[1]

## DISCUSSION

At the outset, I note that the bulk of plaintiffs' claims are based on alleged violations of New York law, particularly certain sections of the Public Officers Law. Since, as explained below, I find plaintiffs' federal claims to be meritless, I need not and do not reach the merits of their state law claims, and dismiss those claims without prejudice to refiling in state court. *See First Capital Asset Mgmt., Inc. v. Satinwood, Inc.,* 385 F.3d 159, 183 (2d Cir.2004) ("If the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well"); *Giordano v. City of New York,* 274 F.3d 740, 754 (2d Cir.2001) (once federal claims have been dismissed, "the state-law claims should be dismissed so that state courts can, if so called upon, decide for themselves whatever questions of state law [the] case may present").

As stated, plaintiffs' federal claims are meritless. Plaintiffs allege that the City has violated their rights under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, but the facts alleged do not support those assertions. *See Rivoli v. Gannett Co., Inc.,* 327 F.Supp.2d 233, 239 (W.D.N.Y.2004) ("the Court is not obligated to draw unreasonable inferences in plaintiff's favor, or to accept plaintiff's conclusions of law"); *Toms v. Pizzo,* 4 F.Supp.2d 178, 183 (W.D.N.Y.) ("while this Court must give 'substantial leeway to pro se litigants'[,] it need not accept any litigant's legal conclusions") (quoting *Gomes v. Avco Corp.,* 964 F.2d 1330, 1335 (2d Cir.1992)), *aff'd,* 172 F.3d 38 (2d Cir.1998);

*Jenkins v. Sea–Land Service, Inc.,* No. 92 Civ. 2380, 1994 WL 445642, at *5 (S.D.N.Y. Aug. 17, 1994) (even a *pro se* pleading must contain "factual allegations sufficient to state a claim upon which relief may be granted").

■ First, plaintiffs have not controverted the City's statement that final determinations stemming from nuisance or code violation charges are subject to review through Article 78 proceedings in state court. While it appears that most, if not all, the plaintiffs failed to avail themselves of that opportunity, the fact remains that it was available to them. The Second Circuit "has 'held on numerous occasions' that where ... a party sues [a municipality] and its officials and employees for the arbitrary and random deprivation of a property or liberty interest, 'an Article 78 proceeding is a perfectly adequate postdeprivation remedy.'" *Grillo v. New York City Transit Auth.,* 291 F.3d 231, 234 (2d Cir.2002) (quoting *Hellenic American Neighborhood Action Comm. v. City of New York,* 101 F.3d 877, 880–81 (2d Cir. 1996), *cert. dismissed,* 521 U.S. 1140, 118 S.Ct. 15, 138 L.Ed.2d 1048 (1997)). Likewise, since plaintiffs could have sought Article 78 review of the determinations at issue, there is no basis for their claims that the City somehow denied them their right of access to the courts.

■ Plaintiffs' claims of denial of substantive due process and equal protection are similarly defective. None of the City's alleged acts are so conscience-shocking as to give rise to a substantive due process claim, *see Johnson v. Newburgh Enlarged Sch. Dist.,* 239 F.3d 246, 252 (2d Cir.2001). Plaintiffs have also failed to allege that they were treated differently from similarly situated property owners, or that the

---

1. Because there are common questions of law and fact in all these cases, I consolidate them for purposes of deciding the pending motions. Fed.R.Civ.P. 42.

City's actions were motivated by any personal animus. *See Bizzarro v. Miranda,* 394 F.3d 82, 85 (2d Cir.2005); *Gallo v. Suffolk County Police Dep't,* 360 F.Supp.2d 502, 2005 WL 627961, at *6 (E.D.N.Y.2005).

█ Plaintiffs' claims under the Fourth and Eighth Amendments are also without merit. It appears from the complaints themselves that some of plaintiffs' properties were searched pursuant to court-issued search warrants, and the alleged fines imposed on plaintiffs were not so "grossly disproptional" to the seriousness of the nuisances or code violations as to be unconstitutionally excessive. *United States v. Bajakajian,* 524 U.S. 321, 324, 118 S.Ct. 2028, 141 L.Ed.2d 314 (1998); *United States v. Collado,* 348 F.3d 323, 328 (2d Cir.2003), *cert. denied,* 541 U.S. 904, 124 S.Ct. 1620, 158 L.Ed.2d 246 (2004).

In one of these actions, *McGee v. City of Rochester,* 04–CV–6310, plaintiffs have also alleged that the City has violated the Americans with Disabilities Act, 42 U.S.C.A. § 12101 *et seq.,* because the City's attorney objected to a portion of a "Durable General Power of Attorney" filed by plaintiffs. This claim is frivolous and is dismissed as well.

█ Finally, I note that in a decision dismissing an action brought by three of the plaintiffs in these cases, in which they raised claims similar to those asserted here, Justice Robert J. Lunn of the New York State Supreme Court, Monroe County, observed that "[t]his case, in the Court's opinion, mainly underscores the desirability and necessity of seeking good, sound, competent legal advice, and I'm directing this to the plaintiff[s], before commencing litigation of this sort." *Teremy v. City of Rochester,* No.2004–05761 (N.Y. Sup.Ct. June 24, 2004) (Ex. 1 to Dkt. # 20 in 04–CV–6270), at 5. Although plaintiffs apparently failed to heed that sound advice, this Court likewise cautions plaintiffs that even *pro se* litigants cannot continue to pursue baseless litigation without running the risk of court-imposed sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure.

## CONCLUSION

Defendant's motions for summary judgment in *Verbjar v. City of Rochester,* 04–CV–6103 (Dkt. # 28 and # 29), *Dozier v. City of Rochester,* 04–CV–6120 (Dkt.# 28), *Verbjar v. City of Rochester,* 04–CV–6171 (Dkt.# 36), *Weitzel v. City of Rochester,* 04–CV–6206 (Dkt.# 12), *Mason v. City of Rochester,* 04–CV–6270 (Dkt.# 20), *Lovett v. City of Rochester,* 04–CV–6286 (Dkt.# 10), *Cardot v. City of Rochester,* 04–CV–6287 (Dkt.# 12), *McGee v. City of Rochester,* 04–CV–6310 (Dkt. # 12, # 23, and # 27), *Race v. City of Rochester,* 04–CV–6410 (Dkt.# 2), and *Lochner v. City of Rochester,* 04–CV–6588 (Dkt.# 3), are granted, and the complaints in all these actions are dismissed.

The following motions are denied as moot: plaintiffs' motions for appointment of counsel in *Verbjar v. City of Rochester,* 04–CV–6103 (Dkt.# 16), *Dozier v. City of Rochester,* 04–CV–6120 (Dkt.# 15), and *Verbjar v. City of Rochester,* 04–CV–6171 (Dkt.# 11); plaintiffs' motion to end defendant's ex-parte communication to the court in *Verbjar v. City of Rochester,* 04–CV–6171 (Dkt.# 22); and plaintiffs' motions to deny defendant's motion to dismiss in *Cardot v. City of Rochester,* 04–CV–6287 (Dkt.# 13), and *Lochner v. City of Rochester,* 04–CV–6588 (Dkt.# 7).

IT IS SO ORDERED.